**Julius SZALAY, Plaintiff,**

v.

**YELLOW FREIGHT SYSTEM, INC., Defendant.**

**No. 5:96CV1895.**

United States District Court,
N.D. Ohio,
Eastern Division.

Oct. 16, 1996.

---

## MEMORANDUM AND ORDER

ANN ALDRICH, District Judge.

Plaintiff Julius Szalay filed this action in state court, alleging that defendant Yellow Freight Systems, Inc., discriminated against him with respect to the terms, conditions and/or privileges of his employment because of his disability, thus violating O.R.C. § § 4112.02 and 4112.99.

Defendant, Yellow Freight Systems, Inc., filed a notice of removal. Szalay subsequently filed a motion to remand. For the reasons stated below, the Court denies Szalay's motion to remand.

### I.

Plaintiff Szalay originally brought suit against defendant Yellow Freight Systems in the Court of Common Pleas of Cuyahoga County on December 13, 1994, alleging that Yellow Freight Systems discriminated against him because of his disability, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), and O.R.C. § 4112.02. Because the original action contained both federal and state claims, it was removed to this Court on the basis of federal question jurisdiction. On June 20, 1996, this Court granted summary judgment for Yellow Freight Systems on Szalay's federal ADA claim, and declining to exercise its supplemental jurisdiction over the state claim, for which Szalay had not asserted any independent basis for jurisdiction, dismissed without prejudice Szalay's state claim pursuant to 28 U.S.C. § 1367(c)(3).

Subsequently, Szalay refiled his state claim against Yellow Freight Systems in the Court of Common Pleas of Cuyahoga County. On August 30, 1996, Yellow Freight Systems filed a timely notice of removal, asserting as a basis for removal that the matter came within this Court's diversity jurisdiction. On September 27, 1996, Szalay filed a motion to remand the action to state court.

### II.

A defendant may remove to federal court a case brought in state court only if the case could have been brought in federal court originally; that is, if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a)(1994). A federal district court has diversity jurisdiction over, *inter alia,* "all civil actions where the matter in controversy exceeds the sum or value of $50,-000, exclusive of interest and costs, and is between—(1) citizens of different States...." 28 U.S.C. § 1332(a) (1994). The party seeking to remove has the burden of proving the requirements of diversity jurisdiction, namely, the diversity of citizenship and amount-in-controversy.[1] *McNutt v.*

---

1. There is no dispute as to the diversity of citizenship of the parties in this case. Szalay is a citizen of Ohio, and Yellow Freight Systems, in-corporated in Indiana, with its principal place of business in Kansas, is a citizen of those two states. *See* 28 U.S.C. § 1332(c)(1). Thus, the

*General Motors Acceptance Corp.*, 298 U.S. 178, 179, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Gafford v. General Electric Co.*, 997 F.2d 150, 155 (6th Cir.1993).

When the plaintiff does not allege a specific amount of damages, but instead, seeks to recover an unspecified amount that is not self-evidently greater or less than the jurisdictional minimum, the amount-in-controversy requirement will not be met unless the defendant proves by a preponderance of the evidence that the plaintiff's claims meet the required amount-in-controversy. *Gafford*, 997 F.2d at 158; *McCraw v. Lyons*, 863 F.Supp. 430, 432 (W.D.Ky.1994); *Garza v. Bettcher Industries*, 752 F.Supp. 753, 763 (E.D.Mich.1990).

### III.

■ Szalay's state court complaint does not allege a specific amount in controversy, but rather, asks for unspecified compensatory and punitive damages, as well as equitable relief. Thus, in order to meet its burden of establishing original federal jurisdiction on the basis of diversity, Yellow Freight Systems must show by a preponderance of the evidence that the unspecified damages alleged by Szalay exceed $50,000. In order to do so, Yellow Freight systems "must allege facts sufficient to establish that the Plaintiff would more likely than not recover more than the jurisdictional amount, assuming the failure of all the Defendant's affirmative defenses." *Garza v. Bettcher Industries, Inc.*, 752 F.Supp. 753, 763(E.D.Mich.1990).

Yellow Freight Systems has met its burden of showing that it is "more likely than not" that Szalay's alleged damages exceed the jurisdictional minimum. Its notice of removal states that:

> While the above-referenced Complaint does not set forth specific monetary damages, based on claims for three years of back pay, front pay, compensatory as well as punitive damages, Defendant asserts that this controversy exceeds the sum or value of $50,000.00 pursuant to 28 U.S.C. § 1332(a).

only issue is whether the amount-in-controversy

Defendant's Notice of Removal ¶ 3. As further support for this assertion, Yellow Freight Systems points out that Szalay's demand in the prior action before this Court sought relief in the amount of $2,800,000 plus attorney's fees. Def.'s Memorandum in Opp. To Pltff.'s Brief in Opp. To Def.'s Notice of Removal, 2.

Based on Szalay's demand in the prior action, which was based on the same events as the present one, as well as the fact that Szalay's claim is for three years of back pay, front pay, compensatory and punitive damages, it is more likely than not that his claim is in excess of $50,000. Thus, Yellow Freight Systems has shown that the amount-in-controversy in this case is sufficient to confer diversity jurisdiction on this Court. Consequently, the Court has removal jurisdiction over this case, and Szalay's motion to remand is denied.

IT IS SO ORDERED.

requirement has been met.