**Harvey E. McCRAW, Plaintiff,**

v.

**Thomas B. LYONS, Jr., Defendant.**

**No. C94–0112–P(H).**

United States District Court,
W.D. Kentucky,
Paducah Division.

Sept. 19, 1994.

William G. Deatherage, Jr., Deatherage, Myers & Self, Hopkinsville, KY, for plaintiff.

Kenneth R. Haggard, Hopkinsville, KY, for defendant.

## MEMORANDUM OPINION

HEYBURN, District Judge.

This case is before the Court on Plaintiff's Motion to Remand. Defendant removed this case from Christian County Circuit Court. Plaintiff contends that removal was improper because Defendant failed to file his Notice of Removal within thirty days of receipt of Plaintiff's Amended Complaint, as required by 28 U.S.C. § 1446(b). This case highlights the predicament facing defense attorneys who must determine the proper timing for removal of cases from state to federal court when faced with pleadings containing indeterminate amounts, as directed by Rule 8.01, Ky.R.Civ.P. Unfortunately, Defendant, who in the best of faith attempted to apply the abstract principles governing removal to the circumstances in this case, will have his case remanded. Mindful of the quandary which the rules of removal impose, the Court will try to provide some practical guidance for practitioners. For the reasons set forth herein, the Court will remand this case to Christian Circuit Court.

### I.

On February 15, 1994, Plaintiff filed an action in Christian Circuit Court, asserting various state tort claims including assault, battery, harassment, and outrageous conduct against Defendant. Plaintiffs Amended Complaint [1] prayed for compensatory and pu-

---

1. Plaintiff's initial complaint, filed on February 3, 1994, mistakenly named Thomas B. Lyons, rather than Thomas B. Lyons, Jr. as defendant.

Plaintiff's Amended Complaint filed on February 15, 1994, which named the proper defendant, serves as the initial pleading in this case.

nitive damages, but, in accordance with Kentucky Rule of Civil Procedure 8.01(2), did not specify an amount of unliquidated damages. Defendant did not learn of the amount of damages Plaintiff demanded until April 25, 1994, when Plaintiff filed an Answer to Interrogatories. In the Answer, Plaintiff stated that he was seeking $75,000 as compensatory damages for physical pain and mental suffering, $100,000 as punitive damages, and court costs. Realizing that Plaintiff's claim exceeded $50,000 in value and thereby merited diversity jurisdiction, Defendant petitioned for removal on May 17, 1994, within 30 days of his receipt of the Plaintiff's Answer to Interrogatories. The case was removed to this Court on the following day.

Plaintiff contends that the Amended Complaint provided adequate notice that the amount in controversy exceeded the $50,000 required for diversity jurisdiction in federal court. Therefore, Plaintiff argues that Defendant's petition for removal was untimely because it was filed more than thirty days after Defendant's receipt of the Amended Complaint. Defendant contends that he could not ascertain the potential amount of damages from the Amended Complaint. Accordingly, the case did not become removable until Plaintiff specified the amount of his claim in the Answer to Interrogatories. Thus, Defendant argues that the petition for removal was proper because it was filed within thirty days after the Answer to Interrogatories, the first time Defendant was apprised of the amount of damages.

2. Diversity of citizenship is undisputed in this case. Plaintiff is a resident and citizen of Kentucky. Defendant is a resident and citizen of Kansas.

3. Unlike the plaintiff in this case, the plaintiff in *Klepper* specified an amount of damages in excess of the jurisdictional amount. When a plaintiff makes a claim for damages specifically *less* than the federal amount-in-controversy requirement, generally that assertion should preclude removal. *Gafford*, 997 F.2d at 157. Courts have considered allowing removal in such cases, however, if the defendant establishes a "substantial likelihood" or "reasonable probability" that the plaintiff, in spite of the lower amount alleged in the pleadings, intends to seek damages in excess of the $50,000 requirement. *Id.* (citations omitted).

## II.

Generally, a defendant may remove a civil case brought in state court to federal court if it could have been brought in federal court originally. 28 U.S.C. 1441(a). A federal district court has diversity jurisdiction over any civil action where the matter in controversy exceeds $50,000, exclusive of interests and costs, and is between citizens of different states.[2] 28 U.S.C. 1332(a). A defendant desiring to remove a case has the burden of proving the diversity jurisdiction requirements. *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 612 n. 28, 99 S.Ct. 1905, 1913 n. 28, 60 L.Ed.2d 508 (1979); *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936). When a plaintiff alleges a specific amount of damages in the complaint, that amount controls unless it appears to a legal certainty that the plaintiff in good faith cannot claim the jurisdictional amount. *Klepper v. First American Bank*, 916 F.2d 337, 340 (6th Cir.1990) *citing St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–289, 58 S.Ct. 586, 590–591, 82 L.Ed. 845 (1938).[3] If the plaintiff seeks to recover some unspecified amount of damages that is not self-evidently greater or less than the federal amount-in-controversy requirement, the defendant must prove by a preponderance of the evidence, *i.e.*, it is "more likely than not," that the plaintiff's claims meet the federal amount in controversy requirement. *Gafford v. General Elec. Co.*, 997 F.2d 150, 158 (6th Cir.1993); *Garza v. Bettcher Industries, Inc.*, 752 F.Supp. 753 (E.D.Mich.1990).[4]

4. The "legal certainty" test in removal cases arose in a context where the plaintiff's prayer for damages in state court exceeded the federal amount-in-controversy requirement. *Gafford*, 997 F.2d at 160. In such a case, it is proper to presume that the plaintiff's prayer is an appropriate presentation of potential damages because the damages sought are contrary to the plaintiff's forum-selection interests. *Id.* The legal certainty test cannot and should not be extended to cases in which the plaintiff seeks to recover some unspecified amount because that presumption does not apply in such a case. *Garza*, 752 F.Supp. at 756. In particular, this approach lacks usefulness in personal injury tort cases where non-economic damages are virtually impossible to project with any degree of certainty, much less legal certainty. *Id. Garza*, in particular, contains an excellent discussion of the ratio-

■ The removal procedure requires a defendant to file a Notice of Removal within thirty days after he receives a copy of the initial pleading setting forth the claim for relief upon which the action is based. 28 U.S.C. § 1446(b). Section 1446(b) allows a time extension only for cases where removability cannot be ascertained until the defendant receives subsequent information from the plaintiff.[5]

Determining whether grounds for removal are present is complicated where, as here, state rules prohibit plaintiffs from specifying an amount of damages in the pleadings.[6] Plaintiff followed the Kentucky rule and as a result, his Amended Complaint set forth a claim for relief without specifying damages. Such state rules create a quandary for defense counsel. If the defense petitions for removal promptly, it runs some risk of allowing the plaintiff to assert an amount just less than the $50,000 amount-in-controversy requirement in order to remain in state court.[7] On the other hand, if the defense waits and uses discovery to ascertain the plaintiff's demand, it risks waiving the right to remove after the expiration of the thirty-day time limit. Defendant chose the latter course of action, deciding to remove only after he inquired into and discovered the amount of damages claimed.[8]

■ Defendant's actions, though intuitively prudent, run contrary to the letter of 28 U.S.C. § 1446(b) and to its policy rationale. Congress developed the statutory right of removal as a solution to the situation of dual jurisdiction of state and federal courts. Removal offers the defendant thirty days to

---

nale for not applying the "legal certainty" test in cases such as this one.

**5.** The second paragraph of 1446(b) provides: "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant ... of a copy of an amended pleading, motion, order or other paper from which *it may first be ascertained that the case is one which is or has become removable ...*" (emphasis added). A case becomes removable if the plaintiff performs a voluntary act which effects a change rendering a case subject to removal by the defendant which had not been removable before the change. *De-Bry. et. al., v. Transamerica Corporation,* 601 F.2d 480, 486–488 (10th Cir.1979). For example, a plaintiff's response to interrogatories that changes the damages claim from an amount less than the jurisdictional threshold to an amount exceeding the amount-in-controversy requirement, makes the case removable. *Miller v. Stauffer Chemical Co.,* 527 F.Supp. 775 (D.Kan. 1981).

**6.** Kentucky Rule of Civil Procedure 8.01(a) provides: "In any action for unliquidated damages the prayer for damages in any pleading shall not recite any sum as alleged damages other than an allegation that damages are in excess of any minimum dollar amount necessary to establish the jurisdiction of the court."

**7.** This risk persists despite the rule that a plaintiff may not reduce his demand in response to removal for the sole purpose of avoiding federal jurisdiction. *St. Paul Mercury Indemn. Co. v. Red Cab Co.,* 303 U.S. at 294, 58 S.Ct. at 592. This "after-the-fact" limitation contrasts with Plaintiff's clear right to craft and limit demands in the complaint itself to avoid removal. *Id.*

When a plaintiff who did not specify an amount of damages in the complaint later states an amount, it is often particularly difficult for a court to determine whether he has amended his pleadings to state a changed cause of action or "changed" damages; or has simply clarified his original claim. For example, in *Cole v. Great Atlantic & Pacific Tea Co.,* after the defendant filed notice of removal, the plaintiff moved to remand based on her stipulation that her unliquidated damages would not exceed $40,000. 728 F.Supp. 1305 (E.D.Ky.1990). Judge Siler undertook the delicate task of determining whether Plaintiff's stipulation of damages was, in fact, a "change." Judge Siler held that the plaintiff's stipulation did not change the information on which the defendant relied in petitioning for removal, but instead provided that information for the first time, clarifying plaintiff's claim. *Id.* at 1309.

**8.** The defendant in *Cole* chose the course of action this Court recommends. Kentucky Rule of Civil Procedure 8.01 also applied in *Cole,* resulting in a complaint that prayed for unliquidated damages in excess of the requisite state court jurisdictional amount of $4000, without further information. 728 F.Supp. at 1306–1307. In the face of the indeterminate pleadings alleging outrageous conduct and defamation, the defendant filed a notice of removal promptly, within the thirty-day limit required by § 1446(b). *Id.* The Court remanded the case, but significantly, noted that if evidence of liquidated damages emerged later, the second paragraph of § 1446(b) would apply, giving the defendant thirty days after receipt of the amended pleadings to file for removal. *Id.* at 1309. Thus, defendants who petition for removal promptly are protected if the plaintiff later changes the claim because § 1446(b) gives such defendants another thirty-day window of opportunity to remove.

determine if dual jurisdiction exists and to choose, as of right, which court will hear the case. For reasons of efficiency and comity, federal courts should construe this time limitation strictly against the extension of federal power in order to avoid encroachment on state court jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941). The time limitation has two purposes. First it precludes a defendant from adopting a "wait and see" approach in the state court; specifically it "prevents a second bite at the jurisdictional apple if a defendant (belatedly) perceives that the case is proceeding other than to his liking." *Gorman v. Abbott Laboratories*, 629 F.Supp. 1196, 1199 (D.R.I.1986). Secondly, the time limit minimizes the delay and waste of resources involved in starting a case over in federal court after substantial proceedings have taken place in state court. *Id.*

■ To permit a defendant to remove a case to federal district court "based on an untimely, though substantively valid, petition would completely emasculate the effect of the thirty-day limitation." *Sanborn Plastics v. St. Paul Fire and Marine Ins.*, 753 F.Supp. 660, 664 (N.D.Ohio 1990). Therefore, a defendant's failure to comply with the statute's thirty-day limitation is an absolute bar to removal regardless of whether the removal would have been proper if timely filed. *Id.*

■ When a defendant has missed the thirty-day deadline imposed by § 1446(b) and asserts that he is entitled to an extension, the relevant question becomes whether the defendant *could have* removed the case within the time limit. *Keller v. Carr*, 534 F.Supp. 100, 103 (W.D.Ark.1981); *Mielke v. Allstate Ins. Co.*, 472 F.Supp. 851, 853 (E.D.Mich. 1979). Because state courts are well-equipped to handle diversity cases, there is no reason to allow a defendant additional time if the presence of grounds for removal is unambiguous given the defendant's knowledge and the claims made in the initial com-

plaint. *Mielke*, at 853. In other words, even where the amount of damages is not specified, if the defendant is able to ascertain from a fair reading of the complaint or other papers filed that the minimum jurisdictional amount exists, he cannot "sit idly by" while the statutory period runs. *Keller*, at 102–103.[9]

### III.

■ In this case, Defendant could have removed the case within thirty days from receipt of Plaintiff's Amended Complaint. Plaintiff alleged various tort claims and asked for damages to compensate for physical injury, medical expenses, mental suffering, and emotional distress as well as punitive damages and costs. Regardless of the merit of these claims, their nature and the relief demanded should have alerted Defendant that Plaintiff was seeking an amount in excess of the $50,000 required to attain federal court jurisdiction.

Furthermore, because Defendant need only establish by a preponderance of the evidence that Plaintiff's claims meet the $50,000 requirement, limiting Defendant's time to petition for removal to thirty days after receipt of the Amended Complaint is appropriate. The preponderance standard is a moderate burden that balances the defendant's right to remove and the federal interest in limiting diversity jurisdiction. It does not place upon the defendant the daunting burden imposed by the legal certainty test, to research, state, and prove the plaintiff's claim for damages. *Gafford*, 997 F.2d at 159. Rather, the standard requires that Defendant allege facts sufficient to establish that Plaintiff would more likely than not recover more than the jurisdictional amount, assuming the failure of Defendant's affirmative defenses. *Garza*, 752 F.Supp. at 763. In this case, Defendant had adequate proof to petition for removal soon after he received the Amended Complaint. Defendant could have

---

9. Another district court has formulated and applied a "reasonably qualified attorney" standard to this issue. If any reasonably qualified attorney would or should know from the pleadings that the potential amount in controversy exceeds $50,000, he could have removed within the allot-

ted thirty-day period. *Sanborn Plastics v. St. Paul Fire and Marine Ins.*, 753 F.Supp. 660, 663 (N.D.Ohio 1990). This Court has misgivings about applying such a test because it focuses too much attention upon attorney competence, rather than the substance of the pleadings.

shown that if Plaintiff were successful in his multi-claim tort action, damages assessed for Plaintiff's medical expenses, mental and emotional suffering, when added to punitive damages, would more likely than not exceed $50,000.

Defense counsel may justifiably question how, in the face of vague pleadings, they can accomplish removal in a timely fashion and still manage to comply with their Rule 11 responsibilities. First, Defendants should know that removal must occur as early as possible. Defendants who doubt whether they can sustain their burden have several options at their disposal. Interrogatories may be propounded at the same time that the petition for removal is filed. If Plaintiff seeks remand, Defendant may request that the Court delay a decision pending completion of limited discovery. Any one of these procedures could guarantee Defendant the documentation necessary for a fully informed removal within the thirty-day time period as required by statute. Moreover, Rule 11 does not pose a realistic danger in this removal context because of the preponderance standard imposed on defendants when damages are unspecified in the complaint. Again, the preponderance standard is not a heavy burden. Defense counsel who make a good-faith attempt to show that the plaintiff's claims meet the federal jurisdictional threshold will rarely subject themselves to sanctions.

Because the Amended Complaint contained the facts necessary to support the jurisdictional amount, Defendant could have ascertained from the initial pleading that Plaintiff's claims were removable to federal court. Defendant waited more than thirty days to file his Notice of Removal, however, rendering jurisdiction in this Court improper.