Jeri GREEN, Plaintiff,

v.

CLARK REFINING & MARKETING, INC., a Delaware corporation, and Christy Cordone, Jointly & Severally, Defendants.

No. 97–CV–73131–DT.

United States District Court,
E.D. Michigan,
Southern Division.

Aug. 15, 1997.

---

1. Any costs to which defendant believes he is entitled should be "taxed by the clerk." Fed. R.Civ.P. 54(d).

Joseph H. Houle, Southfield, MI, for plaintiff.

Robert J. Haddad, Detroit, MI, for Defendants.

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

DUGGAN, District Judge.

This matter is before the Court on plaintiff's motion to remand to the Wayne County Circuit Court. Plaintiff contends that defendants' notice of removal of her case to this Court was untimely under 28 U.S.C. § 1446(b) and thus the Court must remand it even if the removal notice would have been proper if timely filed. Plaintiff further argues that, contrary to defendants' allegation in their notice of removal, plaintiff did not fraudulently join defendant Cordone to defeat diversity.[1]

Defendants argue in their response to plaintiff's motion that the case as stated in plaintiff's original, amended and second amended complaint was not removable because the damages alleged did not indicate the sufficient amount in controversy to confer subject-matter jurisdiction in this Court. Further, defendants argue that plaintiff's response to defendants' request for admissions regarding the jurisdictional amount did not allow defendants to ascertain the removability of the case; defendants could not ascertain the removability until they received plaintiff's answers to defendants' interrogatories and that, because defendants filed the notice of removal less than thirty days after receiving those answers, the notice of removal was timely filed.

A hearing on defendants' motion was held on August 14, 1997.

■ 28 U.S.C. § 1446(b) provides:
The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant ... of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based....
If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant ... of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable....

28 U.S.C. § 1446(b). The thirty day time limitation is to be strictly construed against the extension of federal jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 109, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941).

[A] defendant's failure to comply with the statute's thirty-day limitation is an absolute bar to removal regardless of whether the removal would have been proper if timely filed.

*McCraw v. Lyons,* 863 F.Supp. 430, 434 (W.D.Ky.1994)(citing *Sanborn Plastics v. St. Paul Fire and Marine Ins.,* 753 F.Supp. 660, 664 (N.D.Ohio 1990)).

■ Section 1446(b) allows a time extension only for cases which were not removable as stated in the initial pleading or for which the removability was not ascertainable without information beyond the initial pleading from the plaintiff. *Id.* at 433.

When a defendant has missed the thirty-day deadline imposed by § 1446(b) and asserts that he is entitled to an extension, the relevant question becomes whether the defendant *could have* removed the case within the time limit.

*Id.* at 434 (citing *Mielke v. Allstate Ins. Co.,* 472 F.Supp. 851, 853 (E.D.Mich.1979)). Determining if grounds for removal are present is complicated in states such as Michigan,

---

1. This Court does not address this issue because it has determined that removal, even if proper, was untimely and therefore barred.

where the state rules prohibit plaintiffs from specifying an amount of damages in the pleadings.[2] *Id.; see Gafford v. General Electric Co.,* 997 F.2d 150, 158 (6th Cir.1993).

 Where the amount of damages are not specified, if the defendant is able to ascertain from a fair reading of the complaint or other papers filed by the plaintiff, that the jurisdictional threshold amount exists, failure to file notice of removal within thirty days of receipt of the complaint or other paper constitutes waiver of the defendant's right to remove. *McCraw, supra.*

 This Court recognizes that where the state court rule prohibits a plaintiff from seeking a specific amount in personal injury claims, the determination as to whether the claim is removable may not be an easy one. "This case highlights the predicament facing defense attorneys who must determine the proper timing for removal of cases from state to federal court when faced with pleadings containing indeterminate amounts...." *McCraw* at 431. However, 28 U.S.C. § 1446(b) expressly permits an "extension" of the 30–day requirement if it is not apparent from the initial complaint that the case is removable. In that situation, a defendant may rely upon subsequently received information, but when that subsequently received information alerts a defendant to the fact that the case is removable, defendant has 30 days from receipt of that information to file a Notice of Removal.

> In other words, even where the amount of damages is not specified, if the defendant is able to ascertain from a fair reading of the complaint or other papers filed that the minimum jurisdictional amount exists, he cannot "sit idly by" while the statutory period runs.

*McCraw* at 434, *(citation omitted).*

 In this case defendants had information warranting the filing of a Notice of Removal after their receipt on May 27, 1997, of the responses to the request for admissions and plaintiff's second amended complaint. In her response to the request for admissions, plaintiff denied that she was not

seeking or was not entitled to recover $75,000 in damages and she denied that the matter in controversy "does not exceed Seventy Five Thousand Dollars ($75,000.00) exclusive of interest and costs." Furthermore, on that same day, plaintiff provided defendants with a copy of her second amended complaint which included the following recitation of alleged damages suffered:

> serious and grievous injuries to her person and body, including but not limited to: a fracture of the left ankle, severe injuries to tendons and ligaments, and other injuries to her leg, foot and ankle. Said injuries have caused and will continue to cause ... severe and excruciating pain and suffering, discomfort and mental anguish, and may result in permanent and recurring episodes of pain, physical restriction, and physical and mental suffering.... Plaintiff has sustained tremendous pain and suffering, disability, scaring [sic], and mental suffering and has incurred great financial expenses with respect to medical care and treatment, hospital care, pharmaceutical and like services, and those expenses will in all likelihood continue in the future.... Plaintiff has incurred a loss of earning capacity and loss of wages ...

(Plaintiff's Second Amended Complaint). This expanded listing of the nature of plaintiff's damages and the relief requested as compensation for her injuries should have alerted defendants that plaintiff was seeking at least $75,000. Further, plaintiff's denial that she was not seeking in excess of $75,000.00 gave defendants a reason, at that time, to believe that the claim met the "amount in controversy" requirement for removal to federal court. Therefore, the fact that plaintiff's claim was removable became ascertainable on May 27, 1997, with the defendants' receipt of these "other papers" from plaintiff. In fact, defendants' Notice of Removal stated:

> "5. This Notice is filed in this Court within 30 days after Plaintiff served her Response to Clark's Request for Admissions establishing that she is seeking damages in excess of $75,000."

---

**2.** M.C.R. 2.111(B)(2) instructs that a pleader whose claim is not for a "sum certain or a sum that can by computation be made certain" is not to state a specific amount.

This statement convinces this Court that upon receipt of plaintiff's response to the request for admissions, it was "established" in defendants' view that plaintiff was seeking damages in excess of $75,000.00. However, contrary to defendants' assertion, the Notice of Removal was not filed within 30 days of receipt of the response to the request for admissions. It was not .filed until 31 days after defendants received such response and thus the notice of removal was not timely.[3]

For the reasons set forth above,

**IT IS ORDERED** that plaintiff's motion to remand is **GRANTED** and this action is **RE-MANDED** to the Wayne County Circuit Court.

---

**3.** Defendants now argue that it was plaintiff's answers to interrogatories on or about June 11, 1997, which enabled defendants to "conclusively determine that the amount in controversy exceeded the $75,000.00 diversity of citizenship jurisdictional requirement of this Court." (Def.s' Resp. to Pl.'s Mot. To Remand, p. 4.) While this document may have provided further support for

defendants' belief that the case was removable and thus enabled them to "conclusively" determine that the jurisdictional amount requirement was met, this Court is satisfied that on May 27, 1997, plaintiff had an " 'other paper' from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446.