**Janice CASTEEL, as next friend of Jacquelyn Casteel, a minor, and Janice Casteel, individually, Patricia Hardaway, and Margaret Leja and Lawrence Leja, on behalf of all similarly situated plaintiffs, Plaintiffs,**

v.

**SARA LEE CORPORATION and Bil Mar Foods, Inc., Defendants.**

No. Civ. 99–40117.

United States District Court,
E.D. Michigan,
Southern Division.

June 7, 1999.

---

Harvey Chayet, Thurswell, Chayet, Southfield, MI, for plaintiffs.

Ronald J. Torbet, Dykema, Gossett, Detroit, MI, for defendants.

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

GADOLA, District Judge.

The above-entitled case arises from the sale of various food products which allegedly contained the listeria bacterium. Plaintiffs have filed a class action complaint alleging that various persons consumed the contaminated foods resulting in "severe illness" from food poisoning and/or listeriosis. Presently before this Court is a motion to remand the instant case to Wayne County Circuit Court brought by plaintiffs Janice Casteel, as next friend of Jacquelyn Casteel, a minor, Janice Casteel, individually, Patricia Hardaway, Margaret Leja and Lawrence Leja, on behalf of all similarly situated plaintiffs. Plaintiffs' motion to remand was filed on April 7, 1999. Defendants Sara Lee Corporation and Bil Mar Foods, Inc. responded to the instant motion on April 16, 1999. Plaintiffs filed a supplemental brief in support of their motion to remand on May 6, 1999.[1]

For the reasons set forth below, the Court will grant plaintiffs' motion to remand.[2]

## I. Procedural History

On February 3, 1999, plaintiff Janice Casteel initiated the instant action with the filing of a complaint in Wayne County Circuit Court, State of Michigan (Case No. 99–903157). On February 9, 1999, plaintiff Casteel filed an amended complaint. On March 5, 1999, plaintiff Casteel, individually and as next fried to minor child Jacquelyn Casteel, along with plaintiffs Patricia

---

1. Plaintiffs' motion to remand will be decided on the briefs submitted by the respective parties and without the necessity for oral argument pursuant to L.R. 7.1(e)(2) (E.D.Mich. 1998).

2. On May 14, 1999, plaintiffs filed a motion to certify class. For the reasons discussed below, the Court finds that it lacks subject matter jurisdiction to hear the above-captioned case. Accordingly, the Court will not consider plaintiffs' motion to certify class. That motion may be refiled in state court after remand.

Hardaway, Margaret Leja and Lawrence Leja, on behalf of all similarly situated plaintiffs filed a second amended complaint. *See* Exh A to defendants' notice of removal.

Plaintiffs' second amended complaint alleges that on or about October 31, 1998, plaintiff Janice Casteel purchased Sara Lee deli meat from a Kroger grocery store located in Wayne County, Michigan. *See* second amended complaint ¶ 5. The meat was allegedly contaminated and consumed by plaintiffs Janice and Jacqueline Casteel causing food poisoning and listeriosis. *See id.* ¶ 6–7.

The second amended complaint further alleges that on or about June 19, 1998, plaintiffs Margaret and Lawrence Leja purchased turkey smoked sausages and turkey smoked hotdogs from Meijers in Woodhaven, Wayne County, Michigan. *See id.* ¶ 9. Plaintiffs maintain that these food products were also Sara Lee products and were also contaminated. *See id.* ¶ 10. As a result of consuming these products, plaintiffs Margaret and Lawrence Leja also allegedly became violently ill. *See id.* ¶ 11. The second amended complaint also identifies plaintiff Patricia Hardaway as another individual who allegedly became violently ill after consuming Sara Lee meat products. *See id.* ¶¶ 12–14.

On March 23, 1999, defendants filed a notice of removal. Removal was premised upon this Court's diversity jurisdiction, all named plaintiffs being Michigan residents, defendant Sara Lee being a corporate resident of both Maryland and Illinois and defendant Bil Mar being a corporate resident of Delaware. *See* 28 U.S.C. § 1441; *see also* 28 U.S.C. § 1332. In the notice of removal, defendants further assert that "the amount in controversy exceeds $75,-000...." Plaintiffs have filed the instant motion to remand contesting defendants' assertion that the jurisdictional amount has been satisfied as required under 28 U.S.C. § 1332(a).

## II. Analysis

The sole issue under consideration is whether the jurisdictional amount of more than $75,000 has been satisfied in the case at bar. It is well-settled that removal pursuant to 28 U.S.C. § 1441 is allowed only where the federal district court would have had "original jurisdiction" if the case were filed in federal court. *See* 28 U.S.C. § 1441(a); *see also Brown v. Francis,* 75 F.3d 860, 864 (3d Cir.1996) (holding that "[t]his jurisdictional prerequisite to removal is an absolute, non-waivable requirement"). Since the instant case is premised on claims of negligence and does not involve the existence of any federal question, removal must be based upon this Court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a). As mentioned above, Section 1332(a) provides that in diversity cases, "[t]he district courts shall have original jurisdiction ... where the matter in controversy exceeds the sum or value of $75,-000, exclusive of interest and costs...." 28 U.S.C. § 1332(a).

Plaintiffs maintain that removal must fail and the case must be remanded because "the substance of this lawsuit is the class action count (Count 7 of the Second Amended Complaint)." *See* Plaintiffs' Memorandum of Law, p. 3. Plaintiffs assert that "although the food poisoning and/or listeriosis in some cases resulted in significant injuries ... the vast majority of these cases [were] confined to a limited number of months of illness." *Id.* p. 4. As a consequence, plaintiffs contend that "[u]nder the circumstances, the vast majority of the persons sought to be identified and certified in this class action complaint, will have claims that clearly do not satisfy the $75,000 jurisdiction minimum." *Id.*

In response, defendants argue that the jurisdictional amount has been met because the complaint filed previously in state court alleged that the class is comprised of persons who contracted "severe illness" and that "the claims of the representative parties are typical of the claims

of the members of the Class." *See* Defendants' Brief in Opposition, p. 3 (quoting Second Amended Complaint ¶¶ 53 and 56). Additionally, defendants maintain that the question is not whether each plaintiff will eventually recover more than $75,000, but instead whether plaintiffs have alleged damages which satisfy the pleading requirements. *See Green v. Clark Refining & Mktg., Inc.,* 972 F.Supp. 423, 425 (E.D.Mich.1997) (Duggan, J.); *Kennard v. Harris Corp.,* 728 F.Supp. 453, 454 (E.D.Mich.1989) (Hackett, J.). Defendants also point out that under the Michigan Court Rules plaintiffs are prohibited from specifying an exact amount of damages in the pleadings, where the claims pleaded exceed the state circuit court jurisdictional amount of $25,000. *See* M.C.R. 2.111(B)(2).[3]

Plaintiffs, in their supplemental brief, *stipulate* that at least two of the named plaintiffs, Jacquelyn Casteel and Margaret Leja, do *not* meet the $75,000 requirement. *See* Plaintiffs' Supplemental Brief, p. 2. In addition, plaintiffs cite a treatise on infectious diseases in support of their contention that a person's reaction to listeriosis may be mild: "[w]hen illness does occur it may be mild and only a brief flulike syndrome, as seen in some pregnant women." *See* Mandell, Douglas and Bennett, *Principles and Practice of Infectious Diseases* (4th ed.), attached as Exh. 1 to plaintiffs' Supplemental Brief. The treatise further provides that "[t]he approximate duration of therapy ... remains unsettled. Two weeks has proven successful in a number of case reports... [but] 3–6 weeks may be more prudent...." *Id.* This supports plaintiffs' assertion that some claims may only involve lost wages for a short period of time.

Defendants rely heavily on two Eastern District of Michigan cases, *Green v. Clark Refining & Mktg., Inc., supra,* and *Kennard v. Harris Corp., supra.* For the reasons discussed below, however, both of these cases are readily distinguishable from the instant case. In *Green,* the district court applied the thirty-day time limitation contained within 28 U.S.C. § 1446(b) to find that the defendant's notice of removal in that case had not been timely filed. *See* 972 F.Supp. at 426. In remarking upon the necessity of satisfying the jurisdictional amount, the court recognized that

> where the state court rule [i.e., M.C.R. 2.111(B)(2) ] prohibits a plaintiff from seeking a specific amount in personal injury claims, the determination as to whether the claim is removable may not be an easy one. "This case highlights the predicament facing defense attorneys who must determine the proper timing for removal of cases from state to federal court when faced with pleadings containing indeterminate amounts...." [*McCraw v. Lyons,* 863 F.Supp. 430, 431 (W.D.Ky.1994) ].

*Green,* 972 F.Supp. at 425. The *Green* court further quoted with approval the following commentary of the Western District of Kentucky in *McCraw:*

> even where the amount of damages is not specified, if the defendant is able to ascertain from a fair reading of the complaint or other papers filed that the minimum jurisdictional amount exists, he cannot "sit idly by" while the statutory period runs.

*Id.* (quoting *McCraw,* 863 F.Supp. at 434).

In *Kennard,* plaintiff had initiated a product liability action against defendants

---

**3.** Michigan Court Rule 2.111 provides, in pertinent part, that [i]f the pleader seeks an award of money, a specific amount must be stated if the claim is for a sum certain or a sum that can by computation be made certain, or if the amount sought is $25,000 or less. Otherwise, a specific amount may not be stated, and the pleading must include allegations that show that the claim is within the jurisdiction of the court. Declaratory relief may be claimed in cases of actual controversy. See MCR 2.605. Relief in the alternative or relief of several different types may be demanded.

M.C.R. 2.111(B)(2).

in state court. 728 F.Supp. at 453–54. Defendants removed the case to federal court whereupon plaintiff moved to remand, arguing that the jurisdictional amount in controversy did not exist. *Id.* at 454. Before evaluating plaintiffs' motion to remand, the court reaffirmed some basic rules relating to removal under 28 U.S.C. § 1441. "A defendant may remove a suit to federal court notwithstanding the plaintiff's failure to state an amount in controversy that establishes federal jurisdiction." *Id.* (citing *Mielke v. Allstate Insurance Co.*, 472 F.Supp. 851, 852–853 (E.D.Mich.1979)). "Where the plaintiff's pleadings are insufficient to determine the amount in controversy, the court may consider the allegations of the petition for removal." *Id.* (citing *McCurtain County Production Corp. v. Cowett*, 482 F.Supp. 809, 813 (E.D.Ok.1978). Finally, the federal court may also " 'make an independent evaluation of the monetary value of the claim.' " *Id.* (quoting *McCurtain*, 482 F.Supp. at 813). In *Kennard*, the court ultimately found that there was a probability that the amount in controversy exceeded the jurisdictional amount, and denied plaintiff's motion to remand. *Id.*

█ Both *Green* and *Kennard* are factually distinguishable from the case at hand. Neither case, as opposed to the present one, involved a class action complaint. It is well-settled that "in a diversity-based class action, members of the class may not aggregate their claims in order to reach the requisite amount in controversy." *Packard v. Provident Nat. Bank*, 994 F.2d 1039, 1045 (3d Cir.1993) (citing *Snyder v. Harris*, 394 U.S. 332, 339–40, 89 S.Ct. 1053, 1058, 22 L.Ed.2d 319 (1969)). Furthermore, "each member of the class must claim at least the jurisdictional amount." *Packard*, 994 F.2d at 1045 (citing *Zahn v. International Paper Co.*, 414 U.S. 291, 301, 94 S.Ct. 505, 512, 38 L.Ed.2d 511 (1973)).

There are two principal exceptions to the general rule prohibiting aggregation in class actions. First, aggregation is permitted when class members sue jointly to enforce common title or right in which they have a common and undivided interest. *See Packard*, 994 F.2d at 1050 n. 14. Second, aggregation may be allowed when plaintiffs join to abate a continuing nuisance. *See id.* However, neither of these exceptions is applicable in the instant case. There is no indication that plaintiffs have any interest in a "common fund" or that there exists any continuing nuisance.

█ In the case at bar, since plaintiffs *have stipulated* that the claims of at least two plaintiffs do not meet the $75,000 jurisdictional amount, the Court must reject defendants' position that the amount-in-controversy requirement has been met. As discussed above, plaintiffs' claims may not be aggregated to reach the jurisdictional amount. *See Zahn v. International Paper Co.*, 414 U.S. 291, 294, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973) (discussing prior case law holding that multiple plaintiffs with separate and distinct claims must each satisfy the jurisdictional-amount requirement). The Court, after making an "an independent evaluation" of the monetary value of plaintiffs' claims, finds that the jurisdictional amount of $75,000 has not been satisfied and therefore this Court lacks jurisdiction over the instant case. Remand is required.

As an additional argument, however, defendants maintain that *even if* the Court finds that it has jurisdiction over only *some* of the plaintiffs, this Court may still exercise "supplemental jurisdiction" under 28 U.S.C. § 1367 over those plaintiffs whose claims do not meet the $75,000 jurisdictional amount. *See In re Abbott Laboratories*, 51 F.3d 524 (5th Cir.1995); *Stromberg Metal Works, Inc. v. Press Mechanical, Inc.*, 77 F.3d 928 (7th Cir.1996); *In re Brand Name Prescription Drugs Antitrust Litigation*, 123 F.3d 599 (7th Cir.1997); *but see Leonhardt v. Western Sugar Co.*, 160 F.3d 631 (10th Cir.1998); *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214 (3d Cir.1999).

Defendants argue that prior to 1990, federal courts lacked jurisdiction over class members' claims which failed to satisfy the amount-in-controversy requirement. *See Zahn,* 414 U.S. at 301, 94 S.Ct. 505. However, in 1990, defendants contend that *Zahn* was effectively overruled by the passage of the Judicial Improvements Act which codified the ability of federal courts to hear related claims in the exercise of supplemental jurisdiction. *See* 28 U.S.C. § 1367(a). Section 1367 provides, in pertinent part, that "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *Id.* Section 1367(b) prohibits application of supplemental jurisdiction to claims

> by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

28 U.S.C. § 1367(b). Defendants point out that Section 1367(b) does not (expressly) prohibit application of supplemental jurisdiction to Rule 23 (class action) cases.

Defendants admit that "courts are split" on the issue of whether 28 U.S.C. § 1367 effectively overruled the Supreme Court's decision in *Zahn.* Despite the split among the circuits, defendants urge this Court to find that Section 1367 is not ambiguous and to enforce the statute according to its terms, as construed by defendants. However, in a prior case, this Court has already dealt with the very issue of whether Section 1367(a) overruled the Supreme Court's holding in *Zahn. See Taylor v. American Tobacco Co., Inc.,* 983 F.Supp. 686, 690–91 (E.D.Mich.1997) (Gadola, J.);

*see also Waters v. Grosfeld,* 904 F.Supp. 616, 620–21 (E.D.Mich.1995) (Cook, J.) (holding that Section 1367 did not obviate *Zahn* rule that each class member's claim must meet jurisdictional amount requirement for diversity jurisdiction to exist in class actions).

In *Taylor,* representatives of a proposed class of smokers residing in Michigan brought suit in state court against a Michigan retailer and non-Michigan tobacco companies. Defendants removed the case to federal court premised on diversity jurisdiction. Defendants urged the Court to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over state law claims brought against any non-diverse defendants. *See id.* at 690. Just as in the present case, defendants in *Taylor* argued that the absence from Section 1367(b) of Rule 23, which governs class actions, signified Congressional intent to overrule the Supreme Court's holding in *Zahn.* This Court in *Taylor* rejected defendants' reading of Section 1367 and granted plaintiffs' motion to remand, noting that two other district courts have declined to exercise supplemental jurisdiction in such cases. *Id.* at 691 (citing *Scott v. American Tobacco Co.,* 959 F.Supp. 340 (E.D.La.1996) and *Ren–Dan Farms Inc. v. Monsanto Co.,* 952 F.Supp. 370 (W.D.La.1997)). As the court in *Ren–Dan* noted,

> the rule proposed by defendants...is an unauthorized and improvident expansion of federal jurisdiction. The rule would eviscerate the fundamental rules of subject matter jurisdiction and could lead to absurd results.

*Ren–Dan,* 952 F.Supp. at 376.

■ In keeping with the Court's prior holding in *Taylor,* the Court declines to exercise supplemental jurisdiction over any claims which do not satisfy the jurisdictional amount of more than $75,000 as required under 28 U.S.C. § 1332. Although *Taylor* involved claims which did not meet Section 1332's requirement that the parties be diverse, the same reasoning applies in cases, such as this one, where

claims exist which do not meet Section 1332's amount-in-controversy requirement.

This Court duly notes that the circuits are in disagreement on the issue of whether 28 U.S.C. § 1367 overrules *Zahn*. *See* 15 *Moore's Federal Practice*, § 102.108[4] (Matthew Bender 3d ed.) (commenting that despite this disagreement, "lower courts have continued to enforce nonaggregation rule set forth in *Snyder*. According to this rule, '[o]ne plaintiff may not ride in on another's coattails.' ") Although the Sixth Circuit has not yet ruled on this issue, this Court finds most persuasive the legislative history of Section 1367 which strongly suggests that Congress did *not* intend to overrule *Zahn* with the passage of Judicial Improvements Act of 1990. As another court in the Eastern District of Michigan has recognized, "[t]he [statute's] legislative history expresses the congressional intention that Section 1367 not adversely affect the jurisdictional requirements of 28 U.S.C. § 1332 in diversity-only class actions...." *Waters*, 904 F.Supp. at 621. In light of the ambiguous scope of Section 1367 coupled with the legislative history of the statute, this Court holds that *Zahn* has not been overruled. Accordingly, defendants' request that this Court exercise supplemental jurisdiction will be denied.

### ORDER

NOW, THEREFORE, IT IS HEREBY ORDERED that plaintiffs' motion to remand filed on April 7, 1999 is GRANTED;

IT IS FURTHER ORDERED that the above-captioned case is REMANDED, in its entirety, to the Wayne County Circuit Court.

SO ORDERED.