**GROESBECK INVESTMENTS, INC., Plaintiff,**

v.

**Alvina L. SMITH, Michigan National Bank, United States of America, State of Michigan, Michigan Employment Security Commission, and Roseville Transmission Parts, Defendants.**

No. 02–70058.

United States District Court, E.D. Michigan, Southern Division.

Sept. 30, 2002.

Donald P. Howard, Sterling Heights, MI, for Plaintiff.

ThomasP. Cole, Washington, DC, for U.S.

Kevin T. Smith, Lansing, MI, for Michigan Nat'l Bank.

Charles M. Haddad, for Roseville Transmission.

*OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND ORDER REMANDING THIS ACTION TO THE MACOMB COUNTY CIRCUIT COURT*

ROSEN, District Judge.

## I. INTRODUCTION

This matter is presently before the Court on Plaintiff Groesbeck Nine Investment, Inc.'s Motion to Remand. In this Motion, Plaintiff contends that Defendant United States did not timely remove the case to this Court in compliance with 28 U.S.C. § 1446(b) which requires that a notice of removal be filed within thirty days after the defendant receives a copy of the initial pleading setting forth the claim for relief upon which the action is based. The Government has responded to Plaintiff's Motion countering that its removal of this action was timely because it was filed within 30 days of the filing of Plaintiff's *amended* complaint which it claims was the first pleading that "place[d] the Government under the jurisdiction of a court." Having reviewed and considered Plaintiff's Motion, the Government's Response thereto, and the entire file of this matter, the Court has determined that oral argument is not necessary. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(e)(2), this matter will be decided on the briefs. This Opinion and Order sets forth the Court's ruling.

## II. PERTINENT FACTS

Groesbeck Nine Investment, Inc. ("Groesbeck") filed a Complaint to quiet title and for possession of real property in Ma-

comb County Circuit Court on May 2, 2001. The subject property is located at 22755 Groesbeck Highway in Warren, Michigan. In its Complaint, Plaintiff alleged that it has title to the property because it had acquired one or more tax deeds that had been issued with respect to the property and complied with state law provisions for giving interested persons notice that such a deed had been acquired and an opportunity to redeem. Plaintiff named the United States of America and five other persons/entities, Alvina Smith, Michigan National Bank, the State of Michigan, the Michigan Employment Security Commission, and Roseville Transmission Parts, as party-defendants. Plaintiff alleged that each of these Defendants "appear[s] to claim an interest in said property," and that "Defendants' claims to said property constitutes [sic] a cloud upon the Plaintiff's title which diminishes its value and adversely affects its sale." [*See* Plaintiff's Complaint, ¶¶ 5–6.]

The United States was served with a copy of Plaintiff's Complaint on May 21, 2001.[1] Then, after appearing in the state court for a Settlement Conference on Au-

gust 24, 2001, the Government filed its Answer to the Complaint on September 7, 2001.

In its September 7, 2001 Answer to Plaintiff's Complaint, the Government admitted that it has tax liens on the property that is the subject of this action. [*See* Answer of the United States of America, First Defense, Second Defense, and Fourth Defense, ¶ 4.] It also asserted an affirmative defense to the suit, i.e., that sovereign immunity had not been waived. [*See* Answer of the United States of America, Third Defense.][2] Then, a month later, on October 15, 2001, the Government filed a "Motion to Dismiss and Intervene" on this same ground.

In its Motion to Dismiss and Intervene, the United States acknowledged that it had been properly served with a copy of Plaintiff's Complaint, and once again acknowledged that it holds tax liens on the subject property. [*See* Government Ex. A, p. 4.][3] However, the Government argued for dismissal of the Complaint contending that Plaintiff had not complied with 28 U.S.C. § 2410, which specifies the conditions under which the Government will be

---

**1.** A copy of the summons and complaint were served upon the Attorney General of the United States in Washington, D.C. on May 11, 2001 and upon the United States Attorney for the Eastern District of Michigan on May 21, 2001.[*See* Plaintiff's Motion to Remand, p. 2. *See also*, Government's Ex. A, p. 4 (acknowledging that the United States was correctly served with a copy of the complaint.)

**2.** Specifically, in its third affirmative defense, the Government stated:

Sovereign immunity has not been waived under 28 U.S.C. § 2410 (which provides for a waiver of sovereign immunity under some circumstances), because the Plaintiff's complaint does not "set forth with particularity the nature of the interest or lien of the United States."
[*See* Answer of the United States, Third Defense.]

**3.** In it Motion to Dismiss and to Intervene, the Government stated:

Though not stated in the Complaint, the United States has liens that attach to the property and rights to property of Alvina L. Smith, who as far as we can tell, appears to be one of the record title owners of the Property. These liens arise from unpaid income and employment taxes from various tax periods from 1989 through 1999. The total unpaid amount of the liabilities are in excess of $300,000. Notices of Federal Tax Lien have been filed for most, if not all, of the liabilities with the Macomb County Register of Deeds. (Some of the notices were filed years ago, on three separate dates from 1994 through 1996. The IRS appears to have initiated, within the past couple of weeks, the process to have notices recorded for additional periods; we do not know whether such notices have been recorded yet.)

deemed to have waived sovereign immunity for purposes of a quiet title action. Specifically, pursuant to Section 2410(b), for a quiet title plaintiff to proceed against the United States, "the complaint or pleading shall set forth with particularity the nature of the interest or lien of the United States," and in actions involving federal tax liens, "the complaint or pleading shall include the name and address of the taxpayer whose liability created the lien and, if a notice of the tax lien is filed, the identity of the internal revenue office which filed the notice, and the date and place such notice of lien was filed." Because Plaintiff's Complaint did not identify the United States' liens with particularity, the Government claimed that Plaintiff could not sue the United States and, therefore, it should be dismissed from the action.

Additionally, the Government argued that once it was dismissed from the action, it should be granted leave to intervene pursuant to 26 U.S.C. § 7424 which provides that the United States may intervene in any action in which it is not already a party to assert a tax lien it holds on the property that is the subject of the suit. [*See* Government's Ex. A, § B, pp. 8–10.][4] With respect to its purpose for seeking dismissal and then asking that after its dismissal it be allowed to intervene and re-enter the action, the Government stated:

> Following the entry of an order of dismissal and an entry of an order allowing intervention, a new 30–day period in which to remove to federal court pursuant to 28 U.S.C. § 1444 and 1446 would commence. The United States intends

to remove the action upon allowance of its motion to intervene.

*Id.* at p. 3, n. 1.

In response to the Motion to Dismiss and Intervene, Groesbeck moved for leave to amend its Complaint. The motion to amend was granted and Plaintiff filed its Amended Complaint on December 13, 2001. The United States then withdrew its motion to dismiss and intervene on mootness grounds and, on January 7, 2002, and removed the case to this Court. On January 30, 2002, Groesbeck timely filed the instant motion to remand arguing that the Government's removal of this action was not timely under the provisions of 28 U.S.C. § 1446(b).

### III. *DISCUSSION*

28 U.S.C. § 1446(b) sets forth the time limits for removing an action from state court to federal court. It provides in pertinent part:

> [A] notice of removal of a civil action or proceeding shall be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . .

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. . . .

---

4. 26 U.S.C. § 7424 provides:

    If the United States is not a party to a civil action or suit, the United States may intervene in such action or suit to assert any lien arising under this title on the property which is the subject of such action or suit. The provisions of section 2410 of title

28 of the United States Code (except subsection (b)) and of section 1444 of title 28 of the United States Code shall apply in any case in which the United States intervenes as if the United States had originally been named a defendant in such action or suit. . . .

■■■ It is well-settled that the removal statutes are to be construed restrictively and any doubts as to removability are resolved in favor of remanding the case to state court. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–109, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); *Her Majesty the Queen v. City of Detroit,* 874 F.2d 332, 339 (6th Cir.1989); *Messick v. Toyota Motor Mfg., Kentucky, Inc.,* 45 F.Supp.2d 578, 580 (E.D.Ky.1999); *Hardy v. Square D Co.,* 199 F.Supp.2d 676 (N.D.Ohio 2002). A defendant's failure to comply with the thirty-day limitation set forth in Section 1446(b) is an absolute bar to removal regardless of whether the removal would have been proper if timely filed. *Green v. Clark Refining & Marketing, Inc.,* 972 F.Supp. 423, 424 (E.D.Mich.1997); *McCraw v. Lyons,* 863 F.Supp. 430, 434 (W.D.Ky.1994); *Sanborn Plastics v. St. Paul Fire and Marine Ins.,* 753 F.Supp. 660, 664 (N.D.Ohio 1990). The burden is on the defendant of showing that it has complied with the procedural requirements for removal. *Parker v. Brown,* 570 F.Supp. 640, 642 (S.D.Ohio 1983); *Messick v. Toyota Motor Mfg.,* 45 F.Supp.2d 578, 580 (E.D.Ky.1999); *Schwartz v. FHP International Corp.,* 947 F.Supp. 1354, 1360 (D.Ariz.1996).

The Court finds that the Government has not carried its burden in this case.

■■■ Although the Government argues that its notice of removal was timely filed within 30 days of Plaintiff's filing of his amended complaint, the plain language of Section 1446 makes it clear that a defendant may only rely upon an amended pleading to trigger the 30-day removal period "if the case stated by the initial pleading is not removable." Defendant argues that the initial pleading in this case, Plaintiff's original Complaint, was not removable because Plaintiff failed to set forth the grounds for establishing waiver of sovereign immunity required under 28 U.S.C. § 2410. However, neither § 2410, § 1444, or any other statute requires that sovereign immunity must first be waived in order for a case to become removable by the United States.

28 U.S.C. § 2410 merely sets forth the provisions governing waiver of sovereign immunity in real property actions. In relevant part, Section 2410 provides as follows:

(a) Under the circumstances prescribed in this section and section 1444 [5] of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any state court having jurisdiction of the subject matter—

(1) to quiet title to,

(2) to foreclose a mortgage or other lien upon,

(3) to partition,

(4) to condemn, or

(5) of interpleader or in the nature of interpleader with respect to

real or personal property in which the United States has or claims a mortgage or other lien.

(b) The complaint or pleading shall set forth with particularity the nature of the interest or lien of the United States. In actions or suits involving liens arising under the internal revenue laws, the complaint or pleading shall include the name and address of the taxpayer whose liability created the lien, and if a notice

---

**5.** 28 U.S.C. § 1444 provides for removal of § 2410 actions brought against the United States in state court. It reads as follows: Any action brought under section 2410 of this title against the United States in any state court may be removed by the United States to the District court of the United States for the district and division in which the action is pending.

of the tax lien was filed, the identity of the internal revenue office which filed the notice, and the date and place such notice of lien was filed. . . .

28 U.S.C. § 2410(a),(b) (emphasis added).

The Government's argument is that because Plaintiff's original complaint failed to comply with Section 2410, it was not subject to the jurisdiction of *any* court, state or federal. Therefore, the Government argues the action was not removable until the waiver of sovereign immunity was properly pled.

In support of this contention, the Government relies upon *Harmony Homes v. United States*, 890 F.Supp. 1032 (M.D.Fla. 1995). In *Harmony Homes*, the plaintiff, a mortgagee, sued the United States in state court to foreclose two mortgages on real property owned by the Government. *Id.* at 1034. The plaintiff's initial and first amended complaints did not allege a federal question nor did it allege any waiver of sovereign immunity. The United States filed answers to both the original complaint and the amended complaint and asserted in its answer to the amended complaint the defense of sovereign immunity. This ultimately led to the plaintiff's filing of a second amended complaint which asserted waiver of sovereign immunity under the Small Business Act, 15 U.S.C. § 634(b)(1), and contained sufficient allegations to comply with the waiver provisions. *Id.* The United States then filed a Notice of Removal contending that it was only upon receipt of Harmony Homes' second amended complaint that removal was first ascertainable.

Harmony Homes subsequently moved to remand. The court denied the motion to remand, and stated that the "defendant had no basis upon which to remove the case to federal court" until the second amended pleading was filed.

In arguing for remand, the plaintiff posited that a fair reading of the initial complaint adequately put the Government on notice that the case could be removed. 890 F.Supp. at 1034. In support of its argument, Harmony Homes relied on *Lee v. Altamil Corp.*, 457 F.Supp. 979 (M.D.Fla.1978). *Lee* was a case which involved diversity of citizenship jurisdiction and the issue of satisfaction of the amount in controversy requirement. In that case, the plaintiff's complaint failed to allege damages in excess of $10,000 (which, was the amount in controversy requirement at the time). However, the complaint did allege "serious permanent injury," "substantial medical expenses," "great pain and suffering," and "a substantial loss of income." The *Lee* court found that a reasonable reading of the complaint indicated that the amount in controversy exceeded $10,000 and, therefore, held that the defendant could have ascertained from the face of the complaint that the case was removable.

The court in *Harmony Homes* declined to adopt the *Lee* court's reasoning, finding *Lee* distinguishable because it involved diversity jurisdiction, not federal question jurisdiction, which was the issue in *Harmony Homes*. The court explained:

This case, however, does not involve federal diversity jurisdiction. Therefore, federal question jurisdiction is required. This Court is unwilling to extend the holding in *Lee* to this case by requiring the Defendant to infer the appropriate statute. To do so would circumvent the "well-pleaded complaint rule," which "provides that federal question jurisdiction exists only when a federal question is presented *on the fact of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987) (emphasis added). No federal question appeared on the face of the Plaintiff's initial complaint or first amended complaint. The pleadings indi-

cated only that the Plaintiff sought to foreclose two mortgages on real property owned by the Defendant. (Pl.'s Compl. ¶¶ 1, 12; Pl.'s Am. Compl. ¶¶ 1, 10.) Therefore, the Defendant had no basis upon which to remove the case to federal court.

*Id.*

This Court declines to follow the hypertechnical distinction made by the *Harmony Homes* court between diversity and federal question jurisdiction for purposes of determining whether removability of an action is ascertainable from a plaintiff's initial pleading. As the court found in *Mielke v. Allstate Insurance Company,* 472 F.Supp. 851 (E.D.Mich.1979), "there is no reason to allow a defendant additional time if the presence of grounds for removal are unambiguous in light of the defendant's knowledge and the claims made in the initial complaint." *Id.* at 853. This is precisely the case presented here.

Plaintiff's original Complaint in this action alleged that the United States claimed an interest it the subject property. Furthermore, the Complaint was captioned as a "Complaint to Quiet Title." The Government clearly cannot claim that it had insufficient knowledge at the time it received Plaintiff's original Complaint as to the basis of the Plaintiff's claims regarding the interest of the United States. Indeed, the Government specifically acknowledged in its September 7, 2001 Answer to the Complaint—i.e., four months before it filed its Notice of Removal—that it held tax liens on the subject property. It further specifically asserted in its Answer the Plaintiff's failure to establish waiver of sovereign immunity under 28 U.S.C. § 2410—the statute authorizing suits to quiet title against the Government—as an affirmative defense. Thus, this is not a case like *Harmony Homes* where the Government would have had "to infer the appropriate statute" providing federal question jurisdiction. Here, the Government clearly *knew* which statute was involved long before it received Plaintiff's Amended Complaint on December 13, 2001.

Furthermore, the Government can hardly claim that it did not know that the case was removable prior to receiving Plaintiff's Amended Complaint when it specifically requested in October 2001 that Plaintiff's original complaint against it be dismissed and that after dismissal it be permitted to intervene *for the express purpose of being entitled to a new 30–day removal period.*[6] Unfortunately for the Government, the state court did not order that it be dismissed from the action (and, thus, the court never addressed the Government's request to re-enter the case as an intervenor), but rather granted the Plaintiff leave to file an amended complaint. Thus, the Government never obtained the new 30–day removal period it had hoped to acquire through its dismissal/intervention strategy.

It is easily seen from these actions that the Government knew, at least as of October 15, 2001, that Plaintiff's Complaint was removable and that it had missed the opportunity to timely remove the action. Its dismissal/intervention strategy was an attempt to cure its mistake in not timely removing the action by obtaining a new 30–day removal period.

For all of these reasons, the Court declines to follow *Harmony Homes* and, in-

---

6. Arguably, the Government's filing of its motion to dismiss in state court constituted an affirmative use of the state court process which constitutes a waiver of its right to remove. *See Scholz v. RDV Sports, Inc.* 821 F.Supp. 1469 (M.D.Fl.1993); *Heafitz v. Inter-first Bank of Dallas,* 711 F.Supp. 92, 96 (S.D.N.Y.1989); Schwarzer, Tashima & Wagstaffe, CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL ¶¶ 2:872–2:892 (The Rutter Group 2002).

stead, adopts the reasoning of Judge Joiner in *Mielke, supra:* There is no reason to allow the Government additional time to remove where, as here, the presence of grounds for removal are unambiguous in light of the Government's knowledge and the claims made in the Plaintiff's initial complaint.

However, even if the Court were to accept the reasoning of the *Harmony Homes* court, the continued viability of that decision is doubtful in light of the 1996 amendments to the removal statutes, because now the statutes provide a much broader basis for removal of actions against the United States than they did at the time that the *Harmony Homes* matter was decided.

At the time of the *Harmony Homes* decision, 28 U.S.C. § 1444 was the only statute specifically providing for removal of actions brought against the United States, and, as indicated, this statute covers only actions brought under 28 U.S.C. § 2410. *Harmony Homes* involved a foreclosure action, not under Section 2410 but rather, under the Small Business Act, 15 U.S.C. § 634(b)(1). Therefore, there is some merit in *Harmony Homes* court's concern that federal question jurisdiction was not ascertainable from Plaintiff's initial pleadings.

However, in 1996, Congress amended the removal statutes and specifically made *all* civil actions against the United States removable by virtue of its amendment to 28 U.S.C. § 1442(a)(1). Prior to the 1996 amendment, Section 1442 only provided for the removability of civil actions commenced in a state court against *officers or agencies* of the United States. *See* 28 U.S.C.A. § 1442 (West 1994). In 1996, § 1442 was amended, and it now provides:
> (a) A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
> (1) The United States or any agency thereof or any officer of the United States or any agency thereof. . . .

When removal is sought under this statute, the removing party does not have to establish that the federal court had original diversity or federal question jurisdiction. *Jefferson County, Alabama v. Acker*, 527 U.S. 423, 430–31, 119 S.Ct. 2069, 144 L.Ed.2d 408 (1999). Thus, any action brought against the United States, regardless of the basis for the suit, is removable to federal court. All that is required is that the action be brought "against the United States." Plaintiff's initial Complaint clearly meets this requirement. Therefore, removability of the action was readily ascertainable upon the Government's receipt of Plaintiff's original Complaint in May 2001.

■ The Court further rejects the Government's specious argument that it could not have removed this case until the Plaintiff had complied with the pleading requirements pertaining to waiver of sovereign immunity. As indicated, neither § 2410, § 1444, or any other statute requires that sovereign immunity must first be waived in order for a case to become removable by the United States. Indeed, in case after case, the Government routinely removes actions from state court—including quiet title actions involving federal tax liens—and then, after removal, asserts the plaintiff's failure to establish waiver of sovereign immunity and moves to dismiss the complaint on that basis. *See e.g. Stanton v. United States*, 434 F.2d 1273 (5th Cir.1970) (case removed and then dismissed on Government's motion for failure to establish waiver of sovereign immunity under Section 2410); *Ringer v. Basile*, 645 F.Supp. 1517 (D.Colo.1986) (same); *Sanders v. United States*, 34 Fed. Cl. 38 (1995)

**1152**

(same); *Floyd v. United States*, 241 F.Supp. 996 (W.D.S.C.1965) (same). *See also, Raisig v. United States*, 34 F.Supp.2d 1053 (W.D.Mich.1998) (case removed and then dismissed on Government's motion for failure of the plaintiff to establish satisfaction of the prerequisites for finding waiver of immunity under the Federal Tort Claims Act); *Harper v. Lockheed Martin Energy Systems, Inc.*, 73 F.Supp.2d 917 (E.D.Tenn.1999) (same); *Wilder v. United States*, E.D. Mich. No. 00–CV–74470–DT (June 27, 2002) (same). Therefore, the Court finds no merit in the Government's argument that it could not remove this case until the Plaintiff filed an amended complaint complying with waiver of sovereign immunity requirements of 28 U.S.C. § 2410.

### CONCLUSION

For all of the foregoing reasons, the Court finds that the Government's removal of this case was not timely. The failure to comply with the time limitation set forth in 28 U.S.C. § 1446(b) is an absolute bar to removal regardless of whether the removal would have been proper if timely filed. *Green v. Clark Refining & Marketing, Inc.*, 972 F.Supp. 423, 424 (E.D.Mich.1997). Therefore,

IT IS HEREBY ORDERED that the Plaintiff's Motion to Remand is GRANTED. Accordingly,

IT IS FURTHER ORDERED that this case shall be REMANDED to the Macomb County Circuit Court.