**VILLAGE IMPROVEMENT ASSOCIA-TION OF DOYLESTOWN, PA.**
**a/k/a Doylestown Hospital**

**v.**

**The DOW CHEMICAL COMPANY, Dow Chemical U.S.A., Amspec, Inc., Irwin & Leighton, Inc., John B. Kelly, Inc., George H. Duross, Inc., E.L. Conwell & Company, Ewing Cole Cherry & Par-sky, and Masonry Systems of Pennsyl-vania, Inc.**

Civ. A. No. 86–7582.

United States District Court, E.D. Pennsylvania.

March 6, 1987.

Amy B. Ginensky, Philadelphia, Pa., for Doylestown Hosp.

Joanne D. Sommer, Doylestown, Pa., for Village Imp. Ass'n.

Mark A. Welge, Philadelphia, Pa., for Dow Chemical, Dow Chemical U.S.A., and AMSPEC, Inc.

Steven R. Waxman, Philadelphia, Pa., for Duross.

Elizabeth McKenna, Philadelphia, Pa., for Ewing, Cole, Cherry et al.

Jonathan D. Herbst, Philadelphia, Pa., for Masonry Systems.

A.R. Stone, J.W. Stahl, Philadelphia, Pa., for Irwin & Leighton.

Howard I. Langer, John M. Cleary, Philadelphia, Pa., for John B. Kelly, Inc.

## MEMORANDUM AND ORDER

TROUTMAN, Senior District Judge.

The plaintiff instituted this action in the Court of Common Pleas of Bucks County of the Commonwealth of Pennsylvania. It alleged in its original complaint against the above named defendants filed on January 14, 1986, various state law claims relating to alleged defects in a high bond mortar additive known as "Sarabond", which was manufactured by defendant Dow and utilized in the construction of a hospital owned by the plaintiff. On March 31, 1986, the plaintiff filed an amended complaint against the defendants which, in addition to the state law claims, stated a cause of action against Dow pursuant to the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C.A. §§ 1961–1968 (West 1984 & Supp.1986). Dow, on April 18, 1986, filed "Preliminary Objections" to the plaintiff's RICO claim with the state court contending that the state court lacked subject matter jurisdiction to entertain the "federal" RICO claim.

Dow thereafter filed a petition for removal of the aforementioned state court action to this Court on December 30, 1986, approximately eight (8) months after it was served with the plaintiff's amended complaint on 'April 1, 1986. Presently before us are plaintiff's: (1) motion to remand this action to the state court; (2) motion to impose Rule 11 sanctions upon Dow; and (3) motion for an award of costs and attorney's fees pursuant to 28 U.S.C.A. § 1447(c) (West 1973).

I. *The State Court's Jurisdiction Over The Rico Claim.*

█ Dow removed the state court action to this Court pursuant to 28 U.S.C.A. § 1441(c) (West 1973), averring that the RICO claim against it constituted a separate and independent claim or cause of action over which this Court possesses original jurisdiction. Prior to removal of this action, however, Dow filed, as stated above, preliminary objections to the plaintiff's amended complaint in the form of a motion to dismiss the plaintiff's RICO claim for lack of subject matter jurisdic-

tion. Under the doctrine of "derivative jurisdiction", an action could not be removed from state court to federal court where the state court lacked subject matter jurisdiction over the matter since the federal court "derived" its removal jurisdiction from the state court. *See Recchion, Westinghouse Electric Corp. v. Kirby*, 637 F.Supp. 290 (W.D.Pa.1986); *Essington Metal Works, Inc. v. Retirement Plans of America*, 609 F.Supp. 1546 (E.D.Pa.1985); and cases cited therein. Congress, by statute, expressly repealed the derivative jurisdiction doctrine in 1986. *See* Judicial Improvements Act of 1985, Pub.L. No. 99–336, § 3, 100 Stat. 633, 637 (1986) (adding new subsection (e) to 28 U.S.C.A. § 1441(e) (West Supp. III 1986)). Congress provided, however, in § 3(b) of the Judicial Improvements Act of 1985 that the amendment made by § 3(a) only applied to civil actions commenced in state courts on or after June 19, 1986. Despite Dow's arguments to the contrary, clear precedent of the Third Circuit Court of Appeals dictates, without exception, dismissal of an action commenced in state court prior to June 19, 1986, and removed to federal court, where the state court lacked subject matter jurisdiction over the matter. *See Bradshaw v. General Motors Corp., Fisher Body Division*, 805 F.2d 110 (3d Cir.1986); *but see, Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981); *Nordlicht v. New York Telephone Co.*, 799 F.2d 859 (2d Cir.1986); and *Salveson v. Western States Bankcard Association*, 731 F.2d 1423 (9th Cir.1984). Further, even if we were to conclude that the precedent of this Circuit would allow recognition of an exception to the doctrine of derivative jurisdiction, we do not believe this case presents the circumstances in which the fashioning of such an exception would be justified. Thus, if the state court lacked jurisdiction to entertain the plaintiff's RICO claim, as Dow asserts it did not, we must dismiss the plaintiff's RICO claim for lack of subject matter jurisdiction.

■ The question of whether the state court possessed subject matter jurisdiction over the RICO action is one which we are by necessity empowered to answer in this context. We need not concern ourselves with whatever collateral effect our determination might have upon any possible future inquiry by the state court into this issue. Of the courts which have addressed this issue, both state and federal, it appears that an approximately equal number have come down on opposite sides of the question. Interestingly, it seems that state courts have been more prone than federal courts to conclude that RICO vests jurisdiction to entertain civil actions pursuant to the statute exclusively in the federal courts. Our research has failed to disclose a single instance in which the Supreme Court or our own Circuit Court have addressed this precise question. Our own court has stated on at least two occasions that the RICO statute vests concurrent jurisdiction in both the state and federal courts. *See Vincent v. Metropolitan Hospital*, No. 86–0948, slip op. (E.D.Pa. June 30, 1986) (Ludwig, J.) [Available on WEST-LAW, DCTU database] and *Chas. Kurz Co. v. Lombardi*, 595 F.Supp. 373, 381 n. 11 (E.D.Pa.1984) (VanArtsdalen, J.). We also find highly enlightening the opinion of the district court in *Karel v. Kroner*, 635 F.Supp. 725 (N.D.Ill.1986), and for the reasons stated therein, we similarly conclude that both the state and federal courts possess concurrent jurisdiction to entertain civil actions brought pursuant to the RICO statute. The plaintiff's RICO claim, therefore, is not subject to dismissal under the doctrine of derivative jurisdiction.

II. *The Motion to Remand.*

The plaintiff, as well as certain of the defendants who have joined in the plaintiff's motion, moves this Court to remand this action to state court on two grounds. The first is that Dow filed its petition for removal beyond the thirty-day limit specified in 28 U.S.C.A. § 1446(b) (West 1973). The second is that Dow improvidently removed this case pursuant to 28 U.S.C.A. § 1441(c) (West 1973).

A. *Section 1446(b)*

Section 1446(b) of Title 28 provides as follows:

The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief ...

If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C.A. § 1446(b) (West 1973).

■ It is undisputed that Dow possessed no grounds to remove this action to this Court until April 1, 1986, i.e., the date on which it was served with the plaintiff's amended complaint stating a cause of action against Dow pursuant to the RICO statute. Thus, absent a tolling or extension of the thirty-day limit delineated in § 1446(b), Dow was required to file its petition for removal on or before May 1, 1986. It is also undisputed that Dow did not file its petition until December 30, 1986. Therefore, absent some tolling or extension of the aforementioned thirty-day period, we must remand this action to the state court from whence it came as having been untimely removed.

In memoranda we charitably describe as creative, Dow argues that we should overlook the untimeliness of its removal petition because of the "equitable consideration" involved. As correctly stated by Dow, an untimely removal petition does not create a jurisdictional defect. The plaintiff may, if it chooses, ignore the untimeliness of the petition and submit to the jurisdiction of the federal court. The plaintiff here, however, has not chosen to waive § 1446(b)'s temporal limitation, nor does Dow even contend that such a waiver exists. Rather, Dow argues that, "when it decided to remove, (it) could reasonably

have anticipated that (the) plaintiff would have chosen to waive the time limit in order to obtain the efficiencies of multidistrict litigation ..." (Dow's Memorandum In Opposition To Motion To Remand, Paper # 3, pp. 1–2). We fail to see the relevance of what Dow might have reasonably anticipated plaintiff's response to its removal of this action to be.[1] Reality is that the plaintiff did not waive § 1446(b)'s time limitations and has, in fact, strenuously fought removal of this action.

We also fail to see the relevance, with regard to Dow's failure to timely remove this action from state court, of any efficiencies that might be presented by multidistrict litigation. Counsel for Dow has not cited, nor has our research disclosed, a single instance in which a court has ignored an opposed untimely removal petition in order to allow the action to be subjected to multidistrict litigation. We entirely agree that the utilization of multidistrict litigation as allowed by 28 U.S.C.A. § 1407 (West 1976 & Supp.1986) presents great advantages for the preparation and trial of related cases scattered among the federal judicial districts. The statute, however, provides no authority for consolidation of federal and state judicial proceedings, i.e., it provides no independent grant of jurisdiction to the federal courts. As stated by the court in *Perrin v. Walker*, 385 F.Supp. 945, 947 (E.D.Ill.1974), "... a federal court may encroach upon a state court's right to determine cases properly brought before the state court only with the express authority given by Congress".

The overwhelming authority holds that although an untimely petition for removal does not create a jurisdictional defect, the time limit established by the removal statute is mandatory and must be strictly enforced to comply with Congressional intent in fashioning § 1446(b). *See, e.g., Gorman v. Abbott Laboratories*, 629 F.Supp. 1196 (D.R.I.1986); *but see, Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir.1986) ("In the absence of waiver of the time limit by the

---

1. The plaintiff in a letter received by Dow the day before it filed its removal petition, i.e., December 29, 1986, clearly stated that it *would not* waive the late filing of the petition. (See Plain-

tiff's Motion to Remand, Paper # 2, Exhibit A, and Dow's Surrebuttal Memorandum, Paper # 7, Exhibit D).

plaintiff, *or some equitable reason why that limit should not be applied ...*, a defendant who does not timely assert the right to remove loses that right") and *Loftin v. Rush,* 767 F.2d 800 (11th Cir.1985) (timeliness requirement of § 1446(b) was not binding on the federal government under the facts of that case). More importantly, this district, without exception, has strictly enforced the thirty-day time limit, and has uniformly construed the removal statute strictly against removal and in favor of remand. *See, e.g., Davis v. Baer,* 599 F.Supp. 776 (E.D.Pa.1984); *Blow v. Liberty Travel, Inc.,* 550 F.Supp. 375 (E.D. Pa.1982); *Balestrieri v. Bell Asbestos Mines, Ltd.,* 544 F.Supp. 528 (E.D.Pa.1982); and *Maglio v. F.W. Woolworth Co.,* 542 F.Supp. 39 (E.D.Pa.1982). We have failed to find a single case in this district creating an exception to this rule so as to allow a court to ignore the restrictions of § 1446(b) in order to take account of "equitable considerations". The removal statute was drafted by Congress, not the federal courts. If Congress had wanted to allow the courts to examine such considerations, it could easily have done so by drafting appropriate legislation. *See, e.g.,* 28 U.S.C.A. § 1441(d) (West Supp.1986) and *Boland v. Bank Sepah-Iran,* 614 F.Supp. 1166 (S.D.N.Y.1985). Further, even if we were to conclude that the time limitation established by Congress in § 1446(b) could be ignored where equitable considerations dictated such a result, we find and conclude that the circumstances of this case do not present a situation where such action would be justified.

The defendant Dow also argues that, if we should choose not to accept its "equitable consideration" argument, we may and should extend § 1446(b)'s time limitation pursuant to Federal Rule of Civil Procedure 6(b). Once again, Dow ignores clear precedent in this district that the thirty-day period cannot be extended by the court. *See Balestrieri v. Bell Asbestos Mines, Ltd., supra,* and *Maglio v. F.W. Woolworth Co., supra.* Dow likewise ignores the explicitly clear language of Rule 6(b) that a court possesses the power to so extend deadlines only where the deadline is established by the Rules of Civil Procedure themselves, a notice given thereunder or an order of court. No where does Rule 6(b) contain a grant of authority which would allow a district court to extend a deadline statutorily prescribed by Congress as in § 1446(b). Furthermore, even if we assume that Rule 6(b) bestows such authority upon us, a premise with which we clearly disagree, Rule 6(b) bestows authority upon a district court to extend a deadline *nunc pro tunc* only where the failure to act was the result of "excusable neglect". Federal Rule of Civil Procedure 6(b)(2). Dow has proffered no evidence that their failure to file their petition for removal by May 1, 1986, was the result of such "excusable neglect", and it is not our responsibility to go in search of such evidence. Thus, even if Rule 6(b) applied, Dow would not be entitled to an enlargement of the thirty-day limit specified in § 1446(b).

**B.** *Section 1441(c).*

The plaintiff also contends that this action should be remanded to state court on the ground that it does not qualify for removal under 28 U.S.C.A. § 1441(c) (West 1973), the only section of the removal statute under which Dow has averred it is entitled to removal. Section 1441(c) provides that:

> Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

28 U.S.C.A. § 1441(c) (West 1973).

Here, we need only decide whether the RICO claim constitutes an action "separate and independent" from the otherwise non-removable state law claims alleged in the plaintiff's amended complaint, since we have already concluded that the RICO claim, if sued upon alone, would be removable to this Court.

Interpreting the "separate and independent" terminology, the Supreme Court has stated that:

> where there is a single wrong to the plaintiff for which relief is sought arising from an *interlocked series of transactions,* there is no separate and independent claim or cause of action.

*American Fire & Casualty Company v. Finn,* 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95 L.Ed. 702, 708 (1951) (Emphasis added). As noted by the court in *Alfalfa Cubes, Inc. v. Dutton,* 618 F.Supp. 1425 (D.Kans. 1985),

> Claims are not 'separate and independent' simply because the petition contains separate prayers for relief; alternative prayers for relief; multiple theories of recovery; separate counts; claims with different requirements of proof; or allegations of joint, several, or joint and several liability.

618 F.Supp. at 1427. The test is whether the allegations serving as the basis of the non-removable claims involve substantially the same facts and transactions as do the allegations serving as the basis of the "removable" claim. *See American Fire & Casualty Company v. Finn, supra,* and *Knowles v. American Tempering, Inc.,* 629 F.Supp. 832 (E.D.Pa.1985). If so, the "removable" claim is not separate and independent from the otherwise non-removable claims, and removal pursuant to § 1441(c) would be improvident.

In determining whether the plaintiff's RICO claim is separate and independent from its other claims, we must look to the allegations of its amended complaint. Doing so, we see that the amended complaint consists of thirty (30) counts against nine (9) defendants. Each defendant, in one capacity or another, was involved in the design and/or construction of a hospital building owned by the plaintiff or the manufacture of the component parts thereof. The entire action, however, revolves around the use of the compound called "Sarabond", which was manufactured by Dow and utilized as a component of pre-fabricated brick panels used in construction of the building. The plaintiff alleges that Sarabond caused and continues to cause accelerated and enhanced corrosion of steel imbedded in or in proximity to the Sarabond mortar, thereby causing the mortar, bricks and panels to crack. Against Dow, the plaintiff alleges state law claims for fraud in the form of misrepresentation (Count I), concealment and non-disclosure (Count II), malicious and reckless misconduct (Count III), negligence (Count IV), strict liability (Count V), negligent misrepresentation (Count VI), breach of contract (Count VII), breach of warranties (Count VIII), misrepresentation and intentional breach of its duty to warn (Count IX) and civil conspiracy (Count XXX), as well as the RICO claim (Count XXIX). Against the other defendants, the plaintiff alleges similar state law claims for breach of contract and warranties, negligence, strict liability, malicious and reckless misconduct and concealment and non-disclosure.

Dow argues that since the plaintiff's RICO allegations are "separate and independent" from plaintiff's state law claims against the other defendants, it properly removed this action pursuant to § 1441(c). Interestingly, counsel for Dow makes no argument that the state law claims against it are separate and independent from the state law claims against its co-defendants; they restrict their argument to the assertion that the RICO claim is separate and independent from the state law claims against Dow's co-defendants.[2] Section 1441(c), however, does not restrict us to an examination of the allegations contained in the plaintiff's claims against Dow's co-defendants; rather, we must also examine the state law claims against Dow.

While we believe we would be justified in concluding that the RICO claim against Dow is not separate and independent from the state law claims against Dow nor are the state law claims against Dow separate

---

**2.** We note that the plaintiff and Dow are citizens of different states. Thus, if the state law claims alleged against Dow were separate and independent from the state law claims alleged against its co-defendants, Dow could remove the state law claims against it pursuant to § 1441(c) based on the diversity of citizenship between Dow and the plaintiff.

and independent from the state law claims against its codefendants, since Dow has made no such contentions, we proceed to examine these questions since they are relevant to the issue of whether the RICO claim against Dow is separate and independent from the state law claims against Dow's co-defendants.

██ Conducting such an examination, we find that the RICO claim against Dow is not separate and independent from the state law claims against Dow. The allegations contained in the RICO count are, in fact, at least in part, identical to the allegations contained in the plaintiff's state law claims for misrepresentation, concealment and non-disclosure, intentional breach of its duty to warn and civil conspiracy. The plaintiff in ¶ 170 of its amended complaint under the RICO count alleges that Dow devised a scheme to defraud the plaintiff by making false, misleading and fraudulent misrepresentations concerning Sarabond, and that it violated the mail and wire fraud statutes, 18 U.S.C.A. §§ 1341 and 1343 (West 1984), by utilizing the mails and wire communications, *i.e.*, the telephone, in furtherance of the scheme. The plaintiff also alleges that Dow used the mails and wire communications to "cover-up" Sarabond's corrosion problems. (Plaintiff's Amended Complaint, ¶¶ 163–174). Similar allegations of a scheme by Dow to defraud the plaintiff by making false, misleading and fraudulent misrepresentations and to cover up Sarabond's alleged defects, absent, of course, the wire and mail fraud allegations, are contained in ¶¶ 22, 25, 26, 27 (Count I—the state law fraud claim), 33, 34 (Count II—the concealment and non-disclosure claim), 57(d), (e) and (f) (Count VII—the breach of contract claim), 67, 69, 70 (Count IX—the misrepresentation and intentional breach of duty to warn claim), 176, 177, and 178 (Count XXX—the civil conspiracy claim). The plaintiff, in fact, simply "federalized" certain aspects of its state law claims by adding allegations of violations of the mail and wire fraud statutes. With the exception of the mail and wire fraud charges, the RICO claim and the state law claims against Dow for fraud, concealment, conspiracy, *etc.*, will demand almost identi-cal proofs and, therefore, it is clear that they involved substantially the same underlying facts and transactions.

We also find and conclude that the plaintiff's state law claims against Dow are not separate and independent from the state law claims against Dow's co-defendants. While the state law claims against Dow and the other defendants will not demand identical proofs, the fact remains that all the claims, including the RICO action, center upon the alleged defects in Sarabond. Every single claim in the plaintiff's amended complaint, without exception, will require the plaintiff to prove the defect it alleges.

Based on the above conclusions, it is syllogistically impossible for the plaintiff's RICO claim against Dow to be separate and independent from the state law claims against Dow's co-defendants. An independent examination of the RICO claims in relation to the state law claim against Dow's co-defendants confirms this conclusion. For these reasons, we find that Dow's removal of this action pursuant to § 1441(c) was improper.

III. *The Motions For Attorney's Fees and Costs.*

In addition to its request that we remand this action to state court, the plaintiff also asks that we award it the costs and attorney's fees it incurred in prosecuting its motion to remand pursuant to Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C.A. § 1447(c) (West 1973).

A. *The Rule 11 Sanctions.*

██ Rule 11 allows a district court to impose sanctions upon an attorney for two reasons: (1) the signing of a paper that is frivolous, legally unreasonable, or without factual foundation or (2) the interposing of a paper for an improper purpose, such as harassment, unnecessary delay or needless increase in litigation costs. *See Hewitt v. City of Stanton*, 798 F.2d 1230 (9th Cir. 1986) and *Lieb v. Topstone Industries, Inc.*, 788 F.2d 151 (3d Cir.1986). Rule 11 does not require a finding of subjective bad

faith and, conversely, subjective good faith no longer provides a safe harbor. The test is one of objective reasonableness. "There is no room for a pure heart, empty head defense under Rule 11". *Lieb v. Topstone Industries, Inc.*, 788 F.2d 157, *quoting* Schwarzer, *Sanctions Under the New Federal Rule 11—A Closer Look*, 104 F.R.D. 181, 187 (1985). *See also, McLaughlin v. Western Casualty and Surety Company*, 603 F.Supp. 978 (S.D.Ala.1985), *on reconsideration*, 105 F.R.D. 624 (1985). Applying this test to the record before us, we cannot say that Dow violated Rule 11 in either of the aspects described in the two prong test set forth above. We must, therefore, deny the plaintiff's Motion to impose Rule 11 sanctions upon Dow.

### B. *Section 1447(c).*

■ We also do not believe that the plaintiff is entitled to an award of counsel's fees and costs pursuant to 28 U.S.C.A. § 1447(c) (West 1973). Fellow courts, in addressing the propriety of such an award, have required some form of "bad faith" on the part of the removing party's behalf. The record before us discloses no such bad faith on Dow's part. Hence, we deny the plaintiff's Motion·for an award of fees and costs pursuant to § 1447(c) as well.

### IV. *Conclusion.*

In sum, we find that Dow improvidently removed this action to federal court, and, therefore, it will be remanded to the Court of Common Pleas of Bucks County. We also conclude that the plaintiff is not entitled to an award of counsel's fees and costs pursuant to either Rule 11 or 28 U.S.C.A. § 1447(c) (West 1973).

An appropriate Order follows.