Christina B. **GRUDZINSKI**, M.D. Plaintiff–Appellant,

v.

Edgar D. **STAREN** M.D., et al., Defendants–Appellees.

No. 02–3479.

United States Court of Appeals, Sixth Circuit.

Jan. 21, 2004.

Alba L. Whiteside, Whiteside & Whiteside, Bexley, OH, Elizabeth Ayers Whitman, Potomac, MD, for Plaintiff–Appellant.

John M. Carey, Robert W. Bohmer, Watkins, Bates & Carey, Toledo, OH, for Defendant–Appellee.

Before ROGERS and COOK, Circuit Judges; and COHN, District Judge.[*]

COOK, Circuit Judge.

Plaintiff Christina Grudzinski, a former surgical resident at the Medical College of Ohio (MCO). appeals the grant of summary judgment in favor of Defendants Edgar D. Staren, director of the residency program, and other representatives of MCO. Grudzinski brought her claims under 42 U.S.C. § 1983. alleging that by suspending her on two occasions and not renewing her contract for the remaining years of her residency, Defendants deprived her of a constitutionally protected property interest without due process in violation of the Fourteenth Amendment. We find that Grudzinski received the process she was due in connection with the suspensions and that she was not due any process with regard to the renewal of her contract. We therefore affirm the grant of summary judgment.

## I. BACKGROUND

Before entering MCO's surgical residency program, Grudzinski participated in (and represented that she completed) residency programs at the University of California and at Nassau County Medical Center in New York. On the strength of this experience, MCO admitted Grudzinski to its program as a third-year resident and offered her a contract for one year, from July 1, 1999 through June 30, 2000. Grudzinski claims that despite having signed this one-year contract, she reasonably expected that MCO agreed to admit her for the three years of training she needed to become board-eligible in surgery. She based her expectation on MCO's classifying the residency as "categorical," which—as MCO admits—typically signals admission for the duration of a residency.

[*] The Honorable Avern Cohn, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

In February 2000, Staren received complaints about Grudzinski from two MCO training hospitals. Staren informed Grudzinski that due to these complaints, he would recommend to the Resident Evaluation Committee (REC) that she be placed on probation. Before the REC held its hearing. Staren learned that Grudzinski had failed to disclose on her curriculum vitae that she participated in, but left prematurely, a residency program at the University of Texas. Staren then suspended Grudzinski from the MCO program. After holding its hearing, the REC recommended Grudzinski be permanently suspended. Staren accepted this recommendation and informed Grudzinski of his decisions both to permanently suspend her and not renew her contract.

Grudzinski filed suit in state court alleging that MCO breached its contract with Grudzinski and that Staren, in his official capacity, violated the Due Process Clause of the Fourteenth Amendment. The state court agreed with Grudzinski that the process afforded by the REC hearing was insufficient and granted a preliminary injunction preventing MCO from suspending Grudzinski without holding a proper hearing. She returned to the program only to be suspended again a few weeks later when Staren learned that she had not received credit for the residency program at the University of California and thus was ineligible for the third-year position she occupied at MCO.

Eventually, an administrative committee determined that Grudzinski should be allowed to complete the 1999–2000 residency year. Staren refused, however, to renew her contract for the next year.

When MCO did not renew her contract. Grudzinski amended her complaint to include claims against Staren in his individual capacity, prompting his removal of the action to federal court. Grudzinski again amended her complaint to include claims against additional MCO representatives, seeking monetary damages as well as injunctive relief. The claims against MCO, which had been remanded to state court, were dismissed once Grudzinski's contract expired, because the state court found that it lacked jurisdiction to consider what amounted to a request for a writ of mandamus ordering MCO to issue Grudzinski a new contract.

The district court stayed discovery while it decided whether Staren and the other MCO representatives, as government officials, were entitled to qualified immunity from liability for damages. The district court then granted summary judgment to Defendants, concluding that "it is not necessary to address defendants' claim of qualified immunity" because "plaintiff's § 1983 denial of due process claim fails on the merits." The court reasoned that Defendants were entitled to summary judgment because Grudzinski received all the process she was due in connection with the suspensions and she possessed no constitutionally protected interest in the renewal of her contract. In reaching its decision, the district court gave preclusive effect to the state court's finding of fact that Grudzinski's contract with MCO entitled her to only a one-year term of employment.

On appeal. Grudzinski argues that the district court's grant of summary judgment should be reversed for four reasons: (1) the district court did not allow Grudzinski to conduct discovery; (2) the district court erroneously concluded that Grudzinski did not allege a constitutional violation; (3) the district court failed to follow the law of the case doctrine; and (4) removal to federal court was untimely.

## II. ANALYSIS

### A. Standard of Review

This Court reviews de novo decisions granting summary judgment. Under Rule

56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). This Court reviews for abuse of discretion decisions concerning discovery. *Good v. Ohio Edison Co.,* 149 F.3d 413, 422 (6th Cir.1998), as well as application of the law of the case. *Rouse v. DaimlerChrysler Corp.,* 300 F.3d 711, 715 (6th Cir.2002).

### B. Grudzinski's Claims

#### 1. Discovery

Grudzinski contends that before granting summary judgment to Defendants, the district court should have allowed her to conduct discovery. Because the district court did not need additional facts to decide the dispositive legal issues, the court properly granted summary judgment without allowing discovery. As this Court recently noted. "Limitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Gettings v. Building Laborers Local 310 Fringe Benefits Fund,* 349 F.3d 300, 304 (6th Cir.2003) (quoting *Muzquiz v. W.A. Foote Memorial Hosp., Inc.,* 70 F.3d 422, 430 (6th Cir. 1995)).

#### 2. Alleged Constitutional Violations

Grudzinski argues that the district court erred in finding her § 1983 claims fail as a matter of law. Grudzinski's complaint asserted constitutional violations in connection with the two suspensions during the term of her contract and also the decision not to renew her contract. Neither claim, however, advances a due process violation.

▇ Regarding the suspensions, MCO did afford Grudzinski hearings, which resulted in reversal of the suspensions and enabled Grudzinski to complete the contract year. MCO thus provided her all the process she was due in connection with the suspensions–indeed, MCO could not have provided to her any additional process once she was reinstated and completed the residency year. *Cf. Guarino v. Brookfield Township Trustees,* 980 F.2d 399, 409 (6th Cir.1992) ("No more process was due than the process [plaintiff] herself has alleged to have occurred, and she has therefore failed to state a claim, in this regard, upon which relief could be granted.").

▇ Regarding the decision not to renew her contract, the state court decided Grudzinski's contract was for a term of one year, and the doctrine of issue preclusion prevents Grudzinski from relitigating this issue in federal court. Grudzinski argues that the district court should not have accorded preclusive effect to the state court's factual finding that the term of her contract was one year because the state court's decision was not a final decision on the merits but only a decision that the court lacked jurisdiction. We conclude the district court correctly decided the doctrine of issue preclusion bars relitigation of this issue, given that the identical issue was actually and necessarily adjudicated by the state court in deciding that it lacked jurisdiction. *See Matosantos Commercial Corp. v. Applebee's Int'l, Inc.* 245 F.3d 1203, 1209 (10th Cir.2001) (holding that dismissal for lack of personal jurisdiction prevents relitigation of issues decided by the court in reaching its decision to dismiss); *see also* 18A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE § 4436 (2d ed. 1981), at 340 ("Although a dismissal for

lack of jurisdiction does not bar a second action as a matter of claim preclusion, it does preclude relitigation of the issues determined in ruling on the jurisdiction question.").

Because the state court factually determined Grudzinski's contract was for one year, she had no protected interest in continued employment once the year expired. MCO thus was free to decide not to renew her contract without affording her any process at all. *See Curby v. Archon,* 216 F.3d 549, 555 (6th Cir.2000) ("When a public employee has no property right in continued employment. the employee may be discharged without a hearing or notice.") (citing *Christophel v. Kukulinsky,* 61 F.3d 479, 482, 485 (6th Cir.1995)).

### 3. Law–of–the–Case Doctrine

■ Grudzinski alternatively contends that in issuing a preliminary injunction barring MCO from suspending her without conducting a meaningful hearing, the state court found, as the law of the case, that Defendants did not afford Grudzinski the process she was due. Findings made in the course of deciding whether to issue a preliminary injunction, however, generally do not establish the law of the case, because preliminary injunctions require plaintiffs to satisfy a lesser burden of proof than is required for a decision on the merits. *See Wilcox v. United States,* 888 F.2d 1111, 1114 (6th Cir.1989).

Grudzinski further suggests that the state court's ruling that Defendants could not suspend her without a proper hearing raises an issue of material fact as to whether Defendants denied her due process by failing to hold a hearing before deciding not to renew her contract. Grudzinski seems not to fully appreciate, however, that the procedures that were due her under the terms of the contract are completely distinct from the (absence of)

procedures due her without a contract. *See Bailey v. Floyd County Bd. of Educ.,* 106 F.3d 135, 141 (6th Cir.1997) ("Government employment amounts to a protected property interest when the employee is entitled to continued employment."). Thus, even if the state court had found as the law of the case that Defendants violated due process by suspending Grudzinski during her contract term without a proper hearing, such a finding would not raise a genuine issue of material fact about whether Defendants violated due process by not giving Grudzinski notice and a hearing before deciding not to renew her contract.

### 4. Untimely removal

Grudzinski raises the issue of untimely removal from state court for the first time on appeal, and we therefore do not consider it. *See In re Hood,* 319 F.3d 755, 760 (6th Cir.2003); *PACCAR Inc. v. TeleScan Tech., L.L.C.,* 319 F.3d 243, 258 (6th Cir. 2003) ("Arguments that were not raised below may not be asserted on appeal."). Further, because untimely removal is a procedural rather than a jurisdictional defect, remand to the state court is not now required. *See Graham v. Tenn. Secondary Sch. Athletic Ass'n,* 107 F.3d 870, 1997 WL 76958, at *3 (6th Cir.1997) (unpublished) (noting that "procedural defects in removal are not jurisdictional").

## III. CONCLUSION

Considering the evidence and all reasonable inferences in favor of Grudzinski, we find that Grudzinski received all the process due her in connection with the two suspensions during the term of her contract and that she was not entitled to any process in connection with the decision not to renew her contract. Thus, the district court correctly concluded that Grudzinski did not allege a constitutional violation and therefore could not succeed in her § 1983

claims against Defendants. We further find that the district court properly granted summary judgment without allowing discovery, and also properly refused to give law of the case effect to state court findings made in the course of a decision granting a preliminary injunction. We therefore affirm the district court's grant of summary judgment in favor of Defendants.