**Jerry MAY, Plaintiff,**

v.

**JOHNSON CONTROLS, INC., Defendant.**

No. 06–2270 D.

United States District Court, W.D. Tennessee, Western Division.

July 31, 2006.

Dan M. Norwood, David B. Stevenson, Norwood Howard & Atchley, Memphis, TN, for Plaintiff.

Angie C. Davis, Baker Donelson Bearman Caldwell & Berkowitz, Memphis, TN,

Dabney D. Ware, One Independent Drive, Jacksonville, FL, for Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING MOTION FOR ATTORNEY FEES

DONALD, District Judge.

Before the Court is the motion of Plaintiff (dkt.# 2) to remand to state court and for attorney fees for the preparation and filing of the motion to remand. On March 17, 2006, Plaintiff brought an action against Defendant in the Circuit Court of Tennessee at Memphis alleging a breach of implied contract, and violations of the Contractors Licensing Act and the Tennessee Consumer Protection Act, in association with the alleged use by Defendant of Plaintiff's contractor license. Defendant's registered agent was served with the summons and complaint on April 4, 2006. On May 5, 2006, Defendant removed the matter to this Court, one day after the statutory deadline for removal. On the same day, Defendant filed a motion to consolidate the complaint with Case No. 06–2174, a separate action which Plaintiff had filed against Defendant on February 9, 2006 and Defendant had removed to this Court on March 23, 2006. The Court granted the motion to consolidate on May 8, 2006. On May 12, 2006, Plaintiff filed a motion to remand his March 17 complaint to the state court in which it was originally filed on grounds that the removal of the action had been untimely. Upon review of the facts, relevant statutory and case law, and for the reasons stated herein, the Court grants Plaintiff's motion to remand and denies Plaintiff associated attorney fees.

## I. BACKGROUND[1]

Plaintiff Jerry May ("Plaintiff" or "May") was an employee of Defendant Johnson Controls, Inc. ("Defendant" or "Johnson Controls") in various positions, including Branch Manager and Executive Accounts Manager, at the company's Memphis branch office. (Compl.¶ 6). In 1990, with May's permission, Johnson Controls began using May's mechanical contractor licenses in satisfaction of Tennessee law requiring such a license when performing mechanical contracting work. Id. at 9, 10. On July 15, 2005, after over 30 years with the company, May was terminated by Johnson Controls. Id. at 6, 11.

Shortly after his termination, May demanded in writing that the company cease conducting business using May's licenses, and renewed this demand several weeks later. Id. at 12, 14. Johnson Controls did not respond to May's demands and continued using May's three licenses through December 2005, without any compensation to May. Id. at 15–18.

On March 17, 2006, May filed suit against Johnson Controls in state circuit court, alleging that by continuing the unauthorized use of May's licenses Johnson Controls had created an implied contract with May and had unjustly enriched itself by failing to pay May according to the terms of the implied contract. May further alleges that he suffered monetary loss as a direct result of Johnson Control's actions and is entitled to actual damages, as well as treble damages for violations of the Tennessee Consumer Protection Act. Johnson Control's registered agent was served with the summons and complaint on April 4, 2006. On May 5, 2006, the company removed the matter to this Court, one day after the statutory deadline for removal. On the same day, the company filed a motion to consolidate the complaint with Case No. 06–2174, a separate action which

1. The factual allegations presented herein are taken from Plaintiff's complaint and are presumed to be true for purposes of the instant motion only.

May had filed against Johnson on February 9, 2006 and Defendant had removed to this Court on March 23, 2006. The Court granted the motion to consolidate on May 8, 2006. On May 12, 2006, May filed a motion to remand his March 17 complaint to the state court in which it was originally filed on grounds that the removal of the action had been untimely.

## II. ANALYSIS

### Remand

■ The federal statutory provision governing the timeliness of removal, 28 U.S.C. § 1446(b), requires that removal of a civil action be filed within thirty days of defendant's receiving notice of the action. The related remand provision, 28 U.S.C. § 1447(c) requires that a motion to remand a case on the basis of procedural defects of removal, such as untimeliness, be made within thirty days after the filing of the notice of removal. Failure of defendant to file removal within the time required constitutes a waiver of the right of removal. 29A Federal Procedure, Lawyers Edition § 69.84 (June 2006). Correspondingly, failure to request remand within the time specified by law, constitutes a waiver of plaintiff's right to challenge the removal. *Veltze v. Bucyrus–Erie Co.*, 791 F.Supp. 1363, 1365 (E.D.Wis.1992).

Subject matter jurisdiction is a requirement for removal and Fed.R.Civ.P. 12(h)(3) provides that subject matter jurisdiction, either federal question or diversity, may be challenged by either party, or at the court's own initiative, at any time. If the court finds that it lacks jurisdiction over a removed case it must remand. 28 U.S.C. 1447(c). This requirement is based on the limits of judicial power set forth in Art. III, § 2 of the U.S. Constitution. *See Douglas v. E.G. Baldwin & Assoc.*, 150 F.3d 604, 607 (6th Cir.1998.)

■ As innumerable courts have declared, the time limitation for removal is a procedural requirement, rather than a jurisdictional one. *See In re Uniroyal Goodrich Tire Co.*, 104 F.3d 322, 324 (11th Cir.1997); *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209 (9th Cir.1980). This distinction is important only in that it determines whether the court has a responsibility to rule on the matter independent of any motion by the parties. If it were a jurisdictional concern the court would bear the responsibility of remanding if at any time prior to final judgment it determined that it lacked subject matter jurisdiction. Since the statutory time limit for removal is a "modal and formal" requirement and not jurisdictional, the requirement is waivable and the court will generally leave it to the parties to either challenge or waive the defect. *See Fristoe*, 615 F.2d at 1212.

■ Plaintiff does not dispute diversity of citizenship in this case, and thus the Court's jurisdiction is not in question.[2] Plaintiff's motion for remand is procedural, based on the assertion that Defendant's removal was not in compliance with the thirty-day time limit following notice of the complaint. Defendant does not contest Plaintiff's claim that removal was filed late. Moreover, Defendant neither claims that Plaintiff has waived the time requirement nor challenges the timeliness of the filing of Plaintiff's motion for remand.

Defendant cites two Sixth Circuit cases in support of its assertion that removal should be sustained. It first proffers *Graham v. Tenn. Secondary Sch. Athletic*

2. Plaintiff maintains that the fact that removal was based on diversity jurisdiction rather than federal question jurisdiction should decide the outcome of his motion to remand. Plaintiff apparently confuses diversity jurisdiction with personal jurisdiction. Whether removal was based on diversity or a federal question is in fact immaterial to the Court's remand determination in this case.

*Ass'n,* 107 F.3d 870, 1997 WL 76958 (1997) (unpublished table opinion) for the proposition that untimely removal is procedural, not jurisdictional. (Def's Response to Pl's Mot. to Remand and for Attorney Fees, 2). As mentioned above, this principle is nearly universally embraced and is also mentioned by Plaintiff in support of his position. Defendant then attempts to build an argument based upon this maxim by quoting from *Grudzinski v. Staren*: "[B]ecause untimely removal is a procedural rather than a jurisdictional defect, remand to the state court is not now required." 87 Fed. Appx. 508, 512 (6th Cir.2004). *Grudzinski,* like *Graham supra,* was an appeal of a removal to the lower court. Since removal was not challenged in a timely manner after removal, the right to remand was waived. By stating that "remand is not now required," the appeals court was stating the obvious: the plaintiff had missed the chance to challenge the removal, and the court could now offer no relief. In contrast, Plaintiff in the instant case challenged removal within the 30–day statutory window and now demands that his statutory rights be enforced.

Defendant's secondary line of argument is that the interest of judicial economy dictates denial of the motion to remand. Defendant maintains that consolidation of the two cases was proper since the two complaints involve common questions of fact. Remand of one of these closely related cases and retention of the other, Defendant asserts, would be inconvenient and costly for both parties. Plaintiff counters that there are, in fact, no overlapping issues in the two cases, and that no interest of judicial economy would be served by denying remand.

Both parties present forceful arguments as to whether remand is desirable. This debate is quite beside the point, however, if the Court is without discretion to deny Plaintiff's motion for remand. An essential preliminary question then is the degree of discretion the Court possesses in enforcing § 1446(b).

The statutory provision is phrased in mandatory terms:

> The notice of removal of a civil action or proceeding **shall** be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

(emphasis added). 28 U.S.C. 1446(b).

■ With very few exceptions, the federal courts have ruled that under the statute the thirty-day time limitation to file a removal notice is indeed mandatory and "failure to comply with the ... limitation ... is an absolute bar regardless of whether the removal would have been proper if timely filed." *Sanborn Plastics Corp. v. St. Paul Fire and Marine Ins. Co.,* 753 F.Supp. 660, 664 (N.D.Ohio 1990). *Accord Finley v. The Higbee* Co., 1 F.Supp.2d 701, 702 (N.D.Ohio 1997); *Green v. Clark Refining & Marketing, Inc.,* 972 F.Supp. 423, 424 (E.D.Mich.1997); *McCraw v. Lyons,* 863 F.Supp. 430, 434 (W.D.Ky.1994). The law places the burden on the defendant to show that removal is in compliance with the procedural requirements. *Groesbeck Investments, Inc. v. Smith,* 224 F.Supp.2d 1144, 1148 (E.D.Mich.2002); *Parker v. Brown,* 570 F.Supp. 640, 642 (S.D.Ohio 1983); *Messick v. Toyota Motor Mfg.,* 45 F.Supp.2d 578, 580 (E.D.Ky.1999); *Schwartz v. FHP International Corp.,* 947 F.Supp. 1354, 1360 (D.Ariz.1996).

Many courts have grounded their strict adherence to the procedural requirements of § 1446 in notions of federalism and

proper deference to the state courts. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941) ("Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined"); *Brierly v. Alusuisse Flexible Packaging, Inc.,* 184 F.3d 527, 534 (6th Cir.1999) ("In interpreting the statutory language, we are mindful that the statutes conferring removal jurisdiction are to be construed strictly because removal jurisdiction encroaches on a state court's jurisdiction"); *McCraw v. Lyons,* 863 F.Supp. 430, 433 (W.D.Ky.1994) ("Because state courts are well-equipped to handle diversity cases, there is no reason to allow a defendant additional time ..."). *See also Her Majesty the Queen v. City of Detroit,* 874 F.2d 332, 339 (6th Cir.1989).

Some courts have been guided by the clear language of the statute and the congressional intent it expresses. *Village Improvement Assoc. of Doylestown, Pa. v. Dow Chemical* Co., 655 F.Supp. 311, 314 (E.D.Pa.1987) ("[A] federal court may encroach upon a state court's right to determine cases properly brought before the state court only with the express authority given by Congress ... '[T]he time limit established by the removal statute is mandatory and must be strictly enforced to comply with Congressional intent in fashioning 1446(b)' ") (quoting *Perrin v. Walker,* 385 F.Supp. 945, 947 (E.D.Ill.1974)).

Other courts have focused on the lack of legal authority for judicial discretion in applying the statute or precedent for a departure from the statutory text. In one notable case, the defendant argued that the court should extend § 1446(b)'s time limitation pursuant to Federal Rule of Civil Procedure 6(b), which gives the court discretion to extend certain time limits. The court dismissed the Rule's applicability to the removal statute restrictions, stating that under 6(b) "a court possesses the power to so extend deadlines only where the deadline is established by the Rules of Civil Procedure themselves, a notice given thereunder or an order of court. Nowhere does Rule 6(b) contain a grant of authority which would allow a district court to extend a deadline statutorily prescribed by Congress as in § 1446(b)." In another case, faced with arguments similar to those made by Defendant in the instant case, a Pennsylvania district court stated that it had failed to find "a single instance in which a court has ignored an opposed untimely removal petition" in the interest of judicial economy or "equitable considerations." *Village Improvement Assoc. of Doylestown, Pa. v. Dow Chemical Co.,* 655 F.Supp. 311, 314 (E.D.Pa.1987).

In its submissions to the Court, Defendant has not cited any valid precedent for ignoring a defendant's failure to file timely notice of removal in the face of a timely challenge. However, the more flexible approach implied by Defendant's argument is not entirely without support in case law. A handful of courts have found that certain "exceptional circumstances" may provide "some degree of excuse" from the strict time limits of § 1446(b). *See Vogel v. U.S. Office Products Co.,* 56 F.Supp.2d 859 (W.D.Mich.1999). In *Hernandez v. Six Flags Magic Mountain, Inc.,* for example, the court held that remand was unwarranted when a defendant's notice of removal was filed one day late because the defendant had also filed an answer within the thirty day period, had made a good faith error in filing the untimely removal petition, and plaintiffs asserted no prejudice from the delay. 688 F.Supp. 560 (C.D.Cal. 1988). The court based its exercise of discretion on language in the statute indicating that remand is only mandatory where a case is "removed improvidently" and the court is "without jurisdiction." *Id.*

at 562. This statutory language was removed from the statute in the 1988 amendment.

The great weight of the case law, as well as the present language of the statute, is contrary to this discretionary approach. While it not entirely comfortable to deny Defendant removal on the basis of a single day's delay, a line must be drawn somewhere. Given the clear language of 1446(b), and the relevant case law, the Court finds that the line has been drawn for it by the statute and that the Court lacks the authority to alter it. Consequently, Plaintiff's motion to remand must be granted.

### Attorney Fees

 In addition to his request to remand this action to state court, Plaintiff asks that the Court award him attorney fees he incurred in prosecuting his motion to remand, pursuant to 28 U.S.C.A. § 1447(c). The statute leaves the matter of attorney fees to the court's discretion, to be exercised based on the nature of the removal and the nature of the remand. *See* 28 U.S.C.A. § 1447, Commentary on 1988 Revision of Section 1447. This threat of money sanctions is intended to deter the filing of unmeritorious removals. *Id.*

A number of courts have held that a finding of bad faith is required for an award of costs to be warranted. The Sixth Circuit has ruled to the contrary, holding that the district court has broad discretion in fashioning awards of costs and fees and that a finding of an improper purpose is not necessary to support an award. *Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240 (6th Cir.1993). Fundamental fairness should nonetheless guide the exercise of such discretion. It is this Court's judgment that remand is itself ample penalty for Defendant's "administrative error" and that Plaintiff is the beneficiary of that error. Each of the parties will be held responsible for its own costs in litigating the motion to remand.

### III. Conclusion

For the reasons presented herein, Plaintiff's motion to remand is hereby **GRANTED** and Plaintiff's request for attorney fees is hereby **DENIED**. The Clerk of the Court is directed to remand this matter forthwith.